The opinion of the Court was delivered by
Tilghman C. J.
[After stating the facts of the case.]
By ancient custom in Pennsylvania, the books of original entry of a merchant, or shopkeeper, are received as evidence of the sale and delivery of goods. This rule was founded on convenience. In early times, many traders could not afford to keep clerks ; they were forced to give credit on sales of their goods, and it was supposed there would be no great danger in permitting their own entries to be prima facia evidence, provided they were made at the time the sales took place. But they never were admitted as evidence of the payment of money: there was no.necessity for this, as it is the business of a man who pays money, to take a receipt for it. Neither could there be the least reason for their being admitted as evidence of a collateral matter in which a third person was concerned, as for instance, in a case like the present, where the books of Cook £? Cresson are offered, not to prove a sale and delivery of goods by them to F. MiCoy Co., but to prove, merely for the benefit of William Brown jun., that Joseph Martin was a partner of F. M ‘ Coy. Besides, if the book was evidence, it should have been produced ; an extract *232 could not be evidence. But. the defendant’s counsel say, that although neither the book nor the extract in themselves might be evidence, yet the deponent might'refresh his memory, by the use of this extract. Certainly he might have refreshed his memory, and then swear with a memory refreshed; but he had no right to introduce into his deposition, the matter which he had made use of to refresh his memory. A witness examined at the bar, may look at his notes for the purpose of refreshing his memory, and then, if he can with a safe conscience, he may swear from his own recollection; but he would not be permitted to read his notes to the jury. Now, in the present instance, it is endeavoured, in a side way, to get before the jury, a writing, which in itself was not evidence. But this must not be permitted, because it might have an influence on the jury. If Mr. Cook, after examining his books, could have taken on himself to swear, that Joseph Martin, was a partner of Francis M Coy, it would have been all very well. But if not, that fact must not be made out from the books. I am of opinion therefore, that the. evidence ought not to have been admitted.
The second exception in this cause, was taken on the rejection of the testimony of Francis M‘ Coy, who was offered as a witness for the plaintiff. The Court thought him interested, because he was indorser of the note on which this suit was brought. Considering all circumstances, I cannot perceive how the witness could gain or lose by the event of this cause. As an indorser he was discharged, because the bank had given up the note, and having joined in the bond given to the bank for the amount of the note, he is liable on that bond at all events. But the defendant’s counsel contend, that he has an interest, because if Joseph Martin recovers in this suit, the Court, by an exercise of its equitable jurisdiction, could compel him to apply the money recovered, to the payment of the bond in which Francis M'-Coy is a security. I know of no such power existing in the Court. No evidence was given of any agreement to apply the money received in this suit, to the payment of the bond. It is to be presumed, that when Francis M'-Coy became a surety for Joseph Martin, he took cai'e to procure an indemnification. But if he did not, the Court had no more power to give him a lien on the money received in this suit, than in any other *233 suit in which Joseph Martin might have happened to be plaintiff. I am therefore of opinion, that he was a competent witness.
To understand the third bill of exceptions, it is necessary to state some of the evidence given by the defendant. 0 J
[Here the Chief Justice stated the evidence.]
To this evidence, the counsel for the defendant objected, and the Court rejected the evidence. The reason assigned by the President of the Court, is, that the defendant rested his defence on the fraud of Joseph Martin, in misrepresenting the amount of debts, and therefore, the plaintiff’s evidence should be confined to that point. I confess, that I am not satisfied with this reason. This case is attended with peculiar circumstances. The defendant purchased from the plaintiff, property to a large amount, which he holds, and intends to hold : he does not ask to avoid his contract in toto ; he retains the property, and undertakes to shew, that in equity, certain deductions should be made from the purchase money. But if the equity of the case is to be gone into, is it not reasonable, that the whole transaction should be investigated ? The counsel for the defendant say, that the list of property on which the estimate was founded, was not shewn to the defendant, and therefore, he was not influenced by it. I do not perceive by the evidence on record, that it was shewn to him; and yetj it would be very extraordinary, that a man should undertake to give a certain sum, for the amount of stock which another held, without having an inventory of that stock shewn to him. The defendant assum'es, that Joseph Martin acted fraudulently. It is possible, however, that there might have been a mistake, without fraud. It was very important for Joseph Martin, to clear himself from this imputation of fraud, and it might have been a favourable circumstance, if he had shewn, that he made mistakes against himself, as well as in his own favour. The defendant has made out a case, which, unless the plaintiff answers, the cause is against him. But I would permit the plaintiff, in making his answer, to give evidence of all the inventories and estimates on which Miller, Martin, Co. acted, previous to the purchase made by the defendant; and also to shew, that in those inventories or estimates, there were errors. What would be the effect of errors, if any were shewn, is ri&t now to be decided. Upon the best consideration *234 which I have been able to give to the matter, I am of opinion, that the evidence offered by the plaintiff ought to have been admitted.
The fourth exception, is to the charge of the Court, and particularly to that part of it, whjch speaks of the supposed confirmation of the contract by the subsequent act of the defendant. In that respect, it appears to me, that the law was laid down very fairly and correctly. To make a confirmation of a contract in which a man has been defrauded, very strong facts must be shewn : and particularly, it must appear that those acts were done, with full knowledge of the truth. For, how can it be supposed, that a man meant to confirm, what was originally invalid, unless he was informed of the circumstances which rendered it invalid. This is the principle assumed by the President of the Court in his charge, and he left it to the jury to decide, whether the acts of the defendant were with' a knowledge of the misrepresentations of which he complained. On the whole of this case, l am of opinion, that the plaintiff in error, has made good his three first exceptions, and failed in his last. The judgment must therefore be reversed, and a v.enirefacias de nono awarded.
Judgment reversed, and a venire facias de novo awarded.