## HOWE *vs.* THOMPSON.

The payee of a promissory note, having indorsed it *without recourse*, is a competent witness for the indorsee, in an action against the maker, to prove a new promise within six years.

The adding of a date, to an indorsement of a partial payment, on the back of a note, is not an alteration of the instrument, and in no wise affects its validity.

A partial payment of a note, within six years, is sufficient to take it out of the statute of limitations; — and the effect is the same, though the payment be made to the original payee of the note, and the action be brought in the name of his indorsee.

ASSUMPSIT by the plaintiff, as indorsee of a witnessed promissory note, dated *December* 18, 1825, against the defendant as promissor. The writ was dated *December* 11, 1832. The note was payable to one *Stephen Cram* or his order, and by him indorsed *not accountable.*

The defendant pleaded the general issue, and filed a brief statement, alleging that he never promised within six years, and that material alterations had been made in and upon the note declared on.

To take the case out of the statute of limitations, the plaintiff relied on an indorsement in the handwriting of said *Thompson*, on the back of said note, of thirty-five dollars, dated *October* 26, 1831 ; but it appeared that the *date* was not in *Thompson's* handwriting.

To prove the time when this indorsement and the money therein mentioned was paid, the plaintiff offered the deposition of said *Cram*, which was admitted, though objected to by the defendant's counsel. The deponent testified that the defendant paid the $35 on the 26*th* of *October*, 1831, and that the defendant also made the indorsement on the back of the note at the same time, but that he, the deponent, added the date of the indorsement, the next day after the payment was made ; but the defendant was not present and consenting to the addition of the date.

The defendant's counsel insisted that this was such a material alteration as rendered the note void. But *Parris J.* ruled otherwise. He also contended that if the sum of $35 was paid to the promisee, on account of said note, on the 26*th* of *October*, 1831, the payment would not take the case out of the statute of limitations, in the hands of the plaintiff as indorsee. But the Judge ruled otherwise.

*Cram* testified further, that when the sum of $35 was paid by the defendant, he said it ought to have been paid some time ago, and that he would pay the remainder as soon as he could.

The defendant consented to be defaulted with liberty to move to have the default taken off, if in the opinion of the whole Court, upon a consideration of the facts reported, he had a good defence.

The question was submitted without argument, by *G. W. Peirce*, for the plaintiff, and *R. A. L. Codman*, for the defendant.

PARRIS J. delivered the opinion of the Court.

The first question presented by the report of this case is, whether *Cram*, the promisee and indorser, is a competent witness

to prove the time when the last payment was made. He had parted with all his interest in the note, and, by his special indorsement, had shielded himself from all liability as indorser; so that whatever might be the result of this suit, he would be in no manner responsible. The case is not distinguishable from *Rice* v. *Stearns*, 3 *Mass.* 225, where the payee ordered the contents of the note to be paid to the indorsee, *at his own risk*, and the Court held that the indorser had no interest in the event of the suit, and was a competent witness. See also *Baskins* v. *Wilson*, 6 *Cowen*, 471; *Barretto* v. *Snowden*, 5 *Wend.* 181.

*Cram* was unquestionably a competent witness.

The indorsement of part payment was made by the defendant himself, and, therefore, no question could arise as to its being, at that time, a sufficient acknowledgment of indebtedness to remove the presumption of previous payment. But the date of this indorsement was not entered by him, and consequently it became material to prove when that entry was made.

The indorsement on the back of the note forms no part of the original instrument, and the addition of the date to this indorsement, by *Cram*, can have no effect upon the legal validity of that instrument. It is no alteration of it, and can neither destroy its efficacy or give it force.

*Cram* testified as to the time when the payment was made, and he further testified that the defendant, at the same time, stated that the money ought to have been paid some time ago, and that he would pay the remainder, as soon as he could. Here was abundant evidence, not only of an unambiguous acknowledgment of the debt, as existing and due at that time, but of a promise to pay, either of which is sufficient to rebut the presumption of previous payment arising from lapse of time.

The next point relied upon is, that the admission or promise to *Cram*, will not take the note out of the statute of limitations in the hands of the plaintiff, as indorsee. It has been settled, that an unambiguous acknowledgment of the debt, as existing and due at the time of such acknowledgment, will take a demand out of the operation of the statute of limitations. *Porter* v. *Hill*, 4 *Greenl.* 41; and that it is not necesssary that such acknowledgment should be made to the plaintiff himself, but if made to a

stranger, in the absence of the plaintiff, it will defeat the operation of the statute. *Whitney* v. *Bigelow*, 4 *Pick*. 110; *Soulden* v. *Van Rensselaer*, 9 *Wend*. 293.

It is, therefore, unimportant whether the acknowledgment of indebtedness was made to *Cram*, or to the plaintiff. Proof of that acknowledgment removed the presumption of payment and obviated the bar, which the statute of limitations would otherwise have interposed to a recovery on the note. Such seems to have been the opinion of the Court, in *Frye* v. *Barker*, 4 *Pick*. 382, where the admisssion of indebtedness and promise to the payee were deemed sufficient to enable the indorsee to avoid the statute; and in *Dean* v. *Hewett*, 5 *Wend*. 257, where the Court expressly decided, that an action may be maintained by the *indorsee* of a promissory note, where the statute of limitations has attached, on proof of a promise to the *payee* to pay the debt, within six years before the commencement of the suit.

We think all the points, ruled at the trial, are well sustained by authorities.