By the Court, Nelson, Ch. J.
It must be conceded that some of the cases in this court go far to sustain the objection urged against the competency of Hoyt; particularly Baskins v. Wilson, (6 Cowen, 471,) which was founded upon Herrick v. Whitney, (15 John. Rep. 24,) and Shaver v. Ehle, (16 id. 201.) In the last two cases the witness had transferred the note without recourse; but the court said he might nevertheless be made liable as warrantor of the genuineness of the paper, and that he was therefore interested. In Baskins v. Wilson Mr. Justice Sutherland expresses his dissatisfaction with this doctrine, but is inclined to concede the interest where the witness is liable as endorser in the usual way.
In Barretto v. Snowden (5 Wend. 181,) the execution of the note having been admitted, the endorser was held competent to prove it free from usury, there being no affirmative proof that he had been charged by notice of dishonor; and in that case Savage, Ch. J., who delivered the opinion of the court, observed: “Perhaps it might be doubted whether the witness ought to be excluded, even if his liability as endorser had been shown; for, by fixing the debt upon the defendant, he does not discharge himself. If he is liable, the plaintiff may prosecute him as well as the defendant, and prefer to take execution against him; or the maker maybe insolvent; so that his interest would be contingent.”
On this ground the witness is uniformly admitted at the present day in England, and the doctrine appears to me sound and unanswerable. It has its foundation in a principle of evidence upon which witnesses thus contingently and remotely interested are daily admitted as competent. (Chitty On Bills, 634, 658, ed. *478 of 1839, and the cases there cited; 2 Stark. Ev. 180, ed. of 1834; Bayley On Bills, 372; Cowen & Hill’s Notes to Phill. Ev., 131, et seq.; Cropley v. Corner, 4 Carr & Payne, 21; Saund. Pl. & Ev. 289; 2 Phill. Ev. 20, 7th Bond, ed.)
New trial denied.