## CROMWELL & JOHNSON, ADM'RS. v COMEGYS.

1. A voluntary bankrupt is not a competent witness for the assignee in bankruptcy, to establish a debt due the bankrupt.

Error to the County Court of Sumter.

ASSUMPSIT by the defendant in error, as assignee in bankruptcy, against the plaintiffs in error.

From a bill of exceptions it appears, that the suit was on an account surrendered by one Slade in bankruptcy. That Slade was a bankrupt under the clause of the late act providing for voluntary bankruptcy—that his debts were $15,000, and the assets surrendered by him $1,000. Under these circumstances, Slade's deposition was offered, to prove the debt, and admitted by the Court against the objection of the defendants, to which they excepted, and which they now assign as error.

BLISS & BALDWIN, for plaintiff in error.

REAVIS, for the defendant in error. The English authorities are not in point. The 6th of Geo. 4th, chap. 16, makes no provision for voluntary bankruptcy, and the bankrupt may have a surplus after paying his debts, therefore he is an incompetent witness, on the ground of interest. A bankrupt in

the condition of Slade, has no interest whatever in the event. There is no reason for supposing that the creditors will not claim their demands, and that the money may belong to the bankrupt.

ORMOND, J.—In England the bankrupt is not a competent witness for the assignee, to increase the funds, by establishing the debt, unless he releases all his interest to the as | signee, in the surplus which may remain after the debts are paid. [Butler v. Cooke, Cowp. 70; Carlisle v. Eddy, 2 C. & P. 234.] It is however urged, that our bankrupt law permitting voluntary bankruptcies, differs from the English law, as in such a case, the presumption must be, that there is no surplus, and that in this particular case, there can be none, as the debts are fifteen thousand dollars, and the effects of the bankrupt delivered up, only one thousand.

We think there can be no doubt. that the bankrupt would be entitled to the surplus in the hands of the assignee, if not claimed by the creditors. It certainly would not be the property of the assignee, and if suffered to remain in his hands a sufficient length of time after the estate was settled, to raise the presumption that it was abandoned, the bankrupt might recover it from the assignee. In this view of the case he had a direct interest in the event, which should have excluded him from being a witness.

A contrary decision would lead to injurious consequences. In the mode in which the bankrupt law has been administered, by the sale of the effects of the bankrupt, the debts due the bankrupt, are frequently held in trust for him, and it would not perhaps be hazarding much to say, that such is the fact in a majority of cases. This fact it would not be in the power of the debtor to show. It is no answer to say, he could enquire of the bankrupt on his *voir dire*, the opportunities for evasion, and subterfuge, would be so great and so impossible of detection, that it would afford but little security. We think therefore, the rule contended for, would be found in practice productive of great injustice. On this ground alone however, we might not feel authorized to exclude the bankrupt; but for the reason, that he has a direct interest in the event, he should be excluded. Let the judgment be reversed, and the cause remanded.