## HOUSTON, ADM'R. v. PREWITT.

1. The ttransferor of a *chose in action*, is an incompetent witness for the transferee, in a suit brought by him for its recovery; and it seems that a release would not restore his competency.
2. A bankrupt who had transferred bills of exchange as collateral security, to one of his scheduled creditors, is an incompetent witness for the creditor, because the discharge of the debt by the bills, would release the estate of the bankrupt from its payment, and increase the surplus.

Error to the Circuit Court of Mobile.

Assumpsit by the intestate of plaintiff in error, as bearer of two bills of exchange against the defendant, as drawer and acceptor of two bills of exchange, which are in the usual form, except that no person is mentioned in the bills to whom the money is payable. The declaration contains two counts in the usual form, and also the common counts.

The plaintiff introduced the bills of exchange, and offered to introduce Patrick O'Neil as a witness, he being a certificated bankrupt. The defendant objected that he was incompetent, being interested in the event of the suit. To show his interest, they introduced several depositions, by which it appeared, that the bills of exchange were given by the drawers to Patrick O'Neil, in settlement of a judgment of O'Neil, against one T. Coopwood, the drawer of one of the bills, and that the bills were drawn in this peculiar manner at the request of O'Neil.

To rebut this testimony, the plaintiff introduced other depositions, by which it appeared, that the plaintiff and his intestate were the sureties of Patrick O'Neil, had been compelled to pay about $5,000 for him, and that these bills were deposited with them, and relied on by them, for their re-imbursement. The Court excluded the witness, and the plaintiff excepted.

Phillips, for plaintiff in error. The interest which will disqualify a witness must be certain, not possible, or even probable.

Houston, Adm'r, v. Prewitt.

[1 Salk. 283; 6 Bing. 390; 3 Term, 27. 1 S. & R. 36; 3 John. 256; 2 Y. & J. 45.]

The witness was called to diminish, rather than increase the assigned estate, and for this purpose was certainly competent. [Gren. on Ev. 437.]

The evidence of O'Neil might have authorized a recovery on the common counts, which distinguishes the case from the position it occupied when here before; although the papers were not technically bills of exchange, they should be regarded as an acknowledgment, that the acceptor had the funds of the drawer, and would pay it over to the person who should demand the same. To show that there might be a recovery on the common counts, he cited 12 John. 90; 1 Cranch, 440; 5 Cowen, 75; 5 N. H. 577; Bayley on Bills, 244.

Campbell, contra, contended, that the case was not varied since it was last here—the bills stood alone; no evidence of delivery to the plaintiff—no evidence of consideration, to relieve them from the infirmity of their condition. He cited 6 Wend. 644; 13 Mass. 158.

The testimony shows, that O'Neil was interested. If these bills are collected, it will relieve his estate from the payment of the debt which they were intended to secure. It would relieve his estate from the claims of this creditor, and increase the surplus in the hands of the assignee. This point was decided in 7 Ala. Rep. 498.

ORMOND, J.—If the plaintiff, and his intestate, are to be considered as scheduled creditors of the witness, then it appears to us, the principle of the case of Cromwell & Johnson v. Comegys, 7 Ala. Rep. 498 would apply to this case, because the payment of that debt, which would be the consequence of a successful prosecution of this suit, would relieve his estate from paying it, and thus increase the surplus by that amount, for which purpose he would not, on the authority of the case cited, be competent.

Further, on grounds of public policy, we think he is incompetent to testify. The consideration upon which these bills were made, passed from him to the drawers, and it also appears the bills were delivered to him; he cannot therefore be permitted, by his own testimony, to maintain an action brought upon them, in

the name of another. To tolerate this, would be to introduce the evils of champerty and maintenance. In the case of Bell v. Smith, 5 Barn. & Cress. 188, which is very similar to this, in its facts, and entirely analagous in principle, the Court held, that the witness, though not the nominal, was the real plaintiff in the action; and Bayley, Justice, added, "But I think, that Armet (the witness) was incompetent upon higher grounds. The action was brought at the instance of Armet, and three others; it was then found they had not sufficient evidence to support it, and machinery was resorted to, calculated to introduce all the evils of champerty, and maintenance. First, Armet, without consideration released all his interest to the nominal plaintiffs in the suit; that was not considered sufficient, and then, in consideration of ten shillings, all the parties joined in a conveyance to Lackland and Robertson. It is difficult to put a stronger case of maintenance or champerty."

In the case at bar, the bills of exchange must be considered as transferred to the plaintiffs, by the witness, the consideration upon which the bills were drawn having passed from him, to the drawers, and the bills having been delivered to him. It is then, the naked case of the transferror of a *chose in action*, introduced as a witness to establish the debt. It is perfectly clear, this cannot be tolerated, nor, as shown by the case cited, would a release from the transferee restore his competency. In any view we have been able to take of this case, the decision of the Court below was correct, and its judgment is therefore affirmed.