## BOYD v. McIVOR.

1. An indorser, who has assigned a note without recourse, which was made payable to him as the agent of the indorsee, for a debt due the indorsee, is a competent witness for the latter in a suit upon the note.

2. It is not error for the court to refuse to charge the jury, that if they found certain facts to be true, a witness was incompetent, and his testimony should be rejected.

Error to the Circuit Court of Macon. Before the Hon. G. W. Stone.

ASSUMPSIT on a promissory note by the defendant in error as indorsee, against the defendant as maker.

Upon the trial, the plaintiff offered the deposition of Geo. Goldthwaite, who had indorsed the note to the plaintiff without recourse against him, who among other things proved, that the note was given for the rent of land belonging to McIvor; that he was the agent of McIvor, and that the note should not have been taken payable to him, but to McIvor, and that he had no interest in it.

The defendant moved the court to charge the jury, that if the note was indorsed by Goldthwaite to the plaintiff, without his knowledge, or consent, and was not delivered to the plaintiff, or any one for him, and that the same was indorsed by the said Goldthwaite, for the purpose of making himself a competent witness, they should exclude his testimony from their consideration. This charge the court refused to give, and the defendant excepted. This is now assigned as error.

McLESTER, for plaintiff in error.

1. The transferror of a *chose in action* is an incompetent witness for the transferee in a suit brought by him for its recovery. And a release would not render him competent. Houston, adm'r, v. Prewit, 8 Ala. 846; Lock v. Noland, 1 Ib. 249.

2. An incompetent witness cannot be rendered competent to testify, by any management or machinery, or *ex parte* act of his own. Houston, adm'r, &c. *supra*; Bell v. Smith, 5 Barn. & Cress. 188.

3. The indorsement of the note by the payee, without any consideration or contract, or delivery, or consent, on the part of the indorsee, for the mere purpose of bringing a suit in the name of the indorsee, does not divest the payee of the property in the note, nor render him a competent witness to sustain a suit upon it. The charge asked should have been given. The court had no right to assume that the agency of Goldthwaite had been proved, and therefore refuse the charge asked. To allow witnesses to make themselves competent in such way, would be the worst species of maintenance. And plaintiffs in future would be merely nominal.

4. The charge asked should have been given by the court; for if the agency of Goldthwaite would render him competent, whether he was agent or not, was a question for the jury to decide, and not for the court to assume in the charge— Goldthwaite is treated as original owner of the note; and it is conceived the evidence of Mr. Belser fully authorized it.

BELSER & HARRIS and S. F. RICE, contra.

1. Was Goldthwaite a competent witness? The indorsement being without recourse, and he having no interest in the original consideration of the note, other than as agent, and that interest being released, before his depositions were taken, and the genuineness of the note, and the validity of the consideration not being questioned, he is a competent witness. 5 Wend. 181; 5 Hill, 476; 1 Demo. 108; 18 Maine, 354; 9 N. Hamp. 430; 12 Ala. 592; Ib. 383.

The case of Houston, adm'r, v. Pruitt, 8 Ala. 846, cited by plaintiff in error, is not analogous. In that case, the original consideration of the bills sued on, passed from the transferror to the drawer. In this case, the payee never had any interest in fact. In the case cited, there was no indorsement, and the witness offered stood as the mere transferror of a *chose in action.* Suppose, in the case cited, it had been shown that that the transferror never had any actual interest in the bills sued on, but that the real interest was in the

plaintiff, Houston, and his intestate, would not the transferror then have been a competent witness? See Isbell v. Brown, 383.

2. But the charge asked for was properly refused, for the reason that it refers to the jury the right to determine on the competency of a witness. The rule is, that the question of the competency of a witness on the ground of interest, is to be determined by the court alone, though when the questions of fact are intricate, he may, in his discretion, take the opinion of the jury upon them. See 1 Greenl. Ev. 425.

4. If the witness, Goldthwaite, was incompetent, a motion should have been made to the court, to have excluded his testimony, and if overruled, it should have been excepted to.

DARGAN, J.—That an indorser who has no interest in the note, nor liable in any manner upon it, is a competent witness in favor of the indorsee, against the maker, is too well established to be controverted. Todd v. Hardy, 9 Por. 346; Abbott v. Mitchell, 6 Sheppard, 355; 1 Demo. 180; Lock v. Nays, 9 N. Hamp. 430; Farmers' Bank v. Griffiith, 5 Hill, 476; 5 Wend. 181.

The indorsement of Goldthwaite being without recourse, does not show him to be interested in the note, nor liable in any manner upon it. Nor does his testimony change his condition in reference to the note. But it is contended, that he must be considered as the transferror of a *chose in action*, and as such disqualified to testify, on the ground of public policy, independent of the question of interest, and we are referred to the case of Houston v. Pruitt, 8 Ala. 846, in support of this position.

The facts of that case, when examined, will be found very different from the case under consideration. In that case, the consideration of the bills moved from O'Neil, the witness. They were not payable to *any one*, and were handed over by the witness to Houston, to indemnify him for money he had been compelled to pay, as the security of the witness. The witness had been afterwards declared a bankrupt, and received his certificate of discharge. This court held, that he was incompetent, first, because his testimony tended to

increase the fund in the hands of his assignee in bankruptcy; and further, that he was incompetent as the transferror of a *chose in action*, on the ground of public policy. But if the witness in the case at bar is to be excluded on this ground, we must carry the doctrine still further, and hold, that an indorser of a promissory note, who never had any beneficial interest in the note, and who is in no wise interested in it, is incompetent, although by the indorsement, the legal title was united with the equitable, in the defendant in error; for the note was given for the rent of land belonging to the defendant. Although Goldthwaite, as his agent, took the note payable to himself, yet it is shown by his testimony, that the money actually belonged to McIvor, and not to the witness. What good will result to the public by excluding the testimony of witnesses thus situated; or what injury to public morals, by permitting them to testify, we are unable to perceive. The witness in this case, never had any beneficial interest in the note, nor is he in any manner liable upon it. He is therefore a competent witness, and the court did not err in permitting his testimony to go to the jury.

As it is the province of the court to determine on the competency of proof, and not that of the jury, the court did not err in refusing the charge requested, which was, that if the jury should find certain facts to be true, then the witness was incompetent, and his testimony should be disregarded. When testimony is permitted to go the jury, it is their duty to consider, and to weigh it; but its competency as proof is already established by the court, and a charge which would subject the legality of the evidence to the judgment, or consideration of the jury, should not be given. It is the duty and province of a jury, to weigh the evidence in coming to their conclusions of fact; but the consideration of the legality of the evidence, as proof, belongs exclusively to the court.

There is no error in the record, and the judgment is affirmed.

CHILTON, not sitting.