CLIFTON et al. v. SHARPE, use, &c.

1. The transferror of a *chose in action,* is an incompetent witness to establish the claim.

Error to the County Court of Fayette. Before the Hon. B. W. Wilson, Judge.

This was an action by defendant in error, for the use of Alfred Battle, guardian of the orphans of Elias Fort, deceased, against the plaintiffs in error, on a bill single. In the course of the trial, as appears by a bill of exceptions, the plaintiff below offered as a witness Elias Fort, one of the orphans of Elias Fort, deceased, who being examined on his *voir dire,* stated, that when he made a final settlement with Battle, his guardian, he received from him, among other claims, the paper sued on, and that he was still to have a share in the claims when collected. He was objected to by the opposite party, as an incompetent witness, and thereupon, to remove the objection, executed to his mother, a full release and trans-

Doe ex dem. Nickles v. Haskins.

fer of his right, title and interest in the claim in suit, which he delivered to the attorney in fact of his mother, &c. The objection to his competency being still insisted upon, notwithstanding this release and transfer, the court overruled it, and the defendant below excepted, and now assigns it as error. ˏ

W. R. SMITH, for plaintiffs in error.

DARGAN, J.—This case, falls directly within the principle, of the case of Houston v. Prewett, 8 Ala. 846. In that case, it was held, that a witness who was the real plaintiff, though not a party to the record, could not transfer his interest in the suit, so as to render himself competent. See also Bell v. Smith, 5 Barn. & Cres. 188. Here, although the suit is in the name of Sharpe, for the use of Battle, it was shown, that the bond was in fact the property of Elias Fort, the witness, and that he put it in suit; and in order to render himself a competent witness, transfers his interest to his mother, at the time of the trial, and was then admitted to testify. The decisions we have referred to, forbid that he should testify on the grounds of public policy. We do not see clearly, what influence his testimony ought to have had, but as it was illegal to admit it, the judgment must be reversed, and the cause remanded.

COLLIER, C. J., not sitting.