## LOFTIN vs. LYON & BAKER.

1. When a debtor delivers property to one of his creditors to be sold, and the proceeds to be appropriated, first to the payment of his own debt, and the balance to a debt due another creditor, and the latter creditor brings suit against the former to recover this balance, the debtor may be rendered a competent witness for the plaintiff by a release.

ERROR to the Circuit Court of Sumter.
Tried before the Hon. TURNER REAVIS.

ASSUMPSIT by Lyon & Baker against Loftin, on the follow-ing state of facts: One Roane was indebted to Loftin in the sum of about eighty dollars, and was also indebted to Lyon & Baker in the sum of about one hundred and fifty dollars; he delivered to Loftin a certain amount of cotton, to be sold, and the proceeds to be appropriated, first to the payment of Loftin's debt, and the balance to be paid to Lyon & Baker in extinguishment of their debt; Loftin took the cotton on these terms, and agreed to sell it and apply the proceeds in the manner above stated; he sold the cotton for one hundred

and sixty dollars, and this action was brought to recover the balance remaining in his hands after the payment of his own debt.

On the trial below, the plaintiffs released Roane from all liability to them on his said indebtedness, and then offered him as a witness to prove the above mentioned facts. The defendant objected to his competency as a witness, but the objection was overruled, and defendant excepted. This ruling of the court is now assigned for error.

WM. H. GREENE, for plaintiff in error:

Roane was incompetent as a witness, because he was the transferror of a chose in action, and because it is contrary to public policy to permit a witness to prove a consideration, moving from himself, by which he may fix a liability upon a third person to pay his debt; and even a release cannot render him competent. Houston v. Prewitt, 8 Ala. 846; Clifton et al. v. Sharpe, 15 ib. 618.

He was also incompetent, because the effect of his evidence was to create a fund in discharge of his own liability. Peyton v. Hallett, 1 Caine's Rep. 364, note; McLeod v. Johnson, 4 Johns. 126; Stewart v. Kip, 5 ib. 256; 5 Wend. 55.

R. H. SMITH, contra:

By the sale of the cotton, a debt was created from Loftin to Lyon & Baker, for which they could sue in their own name. Hitchcock et al. v. Lukens & Son, 8 Porter 333. It was not, therefore, the transfer of a chose in action, but the creation of an original debt from Loftin to Lyon & Baker.

The validity of this debt rests on the promise to pay by Loftin for valuable consideration; it does not depend on the fact of the existence of the debt from Roane to Lyon & Baker. The defendants in error might, as they did, release Roane, and look only to Loftin; and having done so, Roane had no interest in the result, and was competent.

In the cases cited by plaintiff's counsel, no release had been executed.

GIBBONS, J.—The question presented by the bill of exceptions is, whether the witness, Roane, after he had been

released by the plaintiffs from liability to them on account of his debt, was a competent witness to prove the facts alleged in the declaration.

It is objected, that he is not competent, in the first place, on the ground of interest. But we are not able to perceive any valid objection on this ground. His original relation to the parties to this suit was that of a debtor owing two credi-tors. He gives money or property into the hands of one, to pay himself first, and the balance to hand over to the other. The latter creditor has a clear right of action, in his own name, against the former, to recover this balance as soon as it is ascertained. It is a legal right, growing out of the acts of the debtor, and which enures to the benefit of the latter creditor by operation of law. It is not a right growing out of the assignment of a chose in action by the debtor, but one created and springing up from certain acts done by the debtor, and which the creditor can enforce in his own name. Hitch-cock et al. v. Lukens & Son, 8 Por. 333.

In this position of the parties, however, the debtor would not be competent to establish the facts out of which the right arises, without a release from the debt which this balance was to extinguish. But, with this release, we can see no interest that he has in the result of the suit that should render him incompetent. He certainly has none in favor of the plaintiffs, because the debt which this balance would go to extinguish, is already extinguished so far as he is concerned. If he has any interest left, after receiving this release from the plaintiffs, it is that they should not recover, in order that he himself might recover this balance after the plaintiffs had failed. But in this view of the case, he would be swearing against his own interest, and this could not render him incompetent when offered by the plaintiffs.

But it is objected, in the second place, that Roane was in-competent on the ground of public policy. This objection would be good, if it was a chose in action that he had as-signed to the plaintiffs, and he then was offered to support it by his own oath. But this case is distinguishable from that class of cases, where a witness is excluded from public policy. See Houston v. Prewitt, 8 Ala. 846, and Clifton v. Sharpe, use, &c., 15 Ala. 618. We have already stated, that this was

not an assignment of a chose in action by Roane to the plaintiffs, but a payment of money by him to the defendant, for the use of the plaintiffs; and we are not aware of any principle of public policy that would render him incompetent to testify as to the fact of such payment, if his interest in the fund is extinguished. We therefore think the court below ruled the law correctly, in permitting the witness to testify; the judgment is, consequently, affirmed.