Selden, J.
Upon the trial of this cause, an attempt having been made to impeach one of the defendant’s wit nesses by showing that he had sworn differently upon a former trial of the cause, the defendant, for the purpose of sustaining the witness, called one of the counsel engaged in the former trial, who testified that he was present at the first trial, and took notes of the testimony, and that be had no doubt of the correctness of his notes, which he produced. The plaintiff’s counsel then objepted to his stating what the witness had said, unless he recollected the testimony independently of his minutes; and upon his saying that he did *487 not, the objection was sustained and the evidence excluded.
Although the memorandum, from which the witness was called upon to testify in this case, consisted of the minutes of testimony taken upon a previous trial of the cause, I am not aware that such cases are governed by any peculiar rule, but regard the exception taken by the defendant’s counsel as presenting the general question, whether a memorandum made at or about the time when the event or transaction mentioned in it took place, and where the author swears that he knows it to have been correct when made, cán be read to the jury in connection with the oral testimony of the witness; or whether the evidence is confined to what the witness is able to recollect, after refreshing his memory by referring to the memorandum.
The learned judge who presided at the trial, seems to have followed the rule laid down by Mr. Phillips, in his work upon evidence, which is, in substance, that such memoranda may be used to refresh the recollection of the witness, but can have no force as evidence, unless the witness, after referring to the memorandum, has a present recollection of the facts to which the memorandum relates.
This was, no doubt, at one time, supposed to be the true rule and as such it was adopted and followed in several cases, by the courts of this and other states. (Lawrence v. Barker, 5 Wend., 301; Feeter v. Heath, 11 Wend., 485; Cal vert v. Fitzgerald, 1 Litt. Sel. Cas., 388 ; The Juniata Bank v. Brown, 5 Serg. & Rawle, 232.) But in the case of The State v. Rawls (2 Nott & McCord, 334), this rule was subjected to a critical examination by the Constitutional Court Í of South Carolina, and was, as I think, proved to have originated in a misapprehension of the cases of Doe v. Perkins and Tanner v. Taylor, cited by Mr. Phillips in its support Tile commentary by Nott, J., upon those cases shows conclusively that the memoranda there produced, were not the originals, nude by the witness at the time the events *488 occurred, but mere copies or extracts from such originals taken long afterwards. ,
This commentary, which is quoted in extenso and approved" by Cowen, J., in the case of Merrill v. The Ithaca and Oswego Railroad Company (16 Wend., 596), seems to me entirely just and sound; and I entertain no doubt that Mr. Phillips fell into an error from not discriminating with sufficient care between the original memorandum itself and a mere copy. This subject is treated with much learning and ability in the Notes to Phillips' Evidence, by Messrs. Cowen & Hill (note 528 top. 290), where the authorities bearing $|ton it are elaborately reviewed; and I fully assent to the principle there stated, “ that an original memorandum, • made by the witness presently after the facts noted in it transpired, and proved by the same witness at the trial, may be read by him, and is evidence to the jury of the facts contained in the memorandum, although the witness may have totally forgotten such facts at the time of the trial.”
There are various cases, English as well as American, in addition to The Slate v. Rawls and Merrill v. The Ithaca and Oswego Railroad Company (supra), which tend to support this rule. (Cases cited in Cow. & Hill's Notes, ubi supra.) It is quite obvious that the doctrine supposed to be derived from the work of Mr. Phillips would serve in many cases to defeat the ends of justice, and particularly in cases where witnesses are called upon to testify to the language of parties, used upon occasions long previous. It is well known that the efforts of memory are seldom equal to the task of recalling, after any considerable lapse of time, even the exact substance of words and phrases; while it would bo comparatively easy, at the time or immediately afterwards, to make an accurate record of their import. To exclude such a record, when shown to have been honestly made, j would be to reject the best and frequently the only means | of arriving at truth.
*489 The same reasoning applies fo memoranda in regard to dates, sums, &c., and, although with perhaps less force, to memoranda in general, if made at or about the time when the events which they record transpired, and duly verified by the oath of the party making them. It follows from these views that the exception to the ruling of the judge upon this point was well taken.
The judgment should be reversed and there should be a new trial, with costs to abide the event.
Denio, C. J., Comstock, Johnson, Paige and Bowen, Js., concurred in this opinion. 0
Brown, J., read an opinion for reversing. the judgment upon another ground, reserving his judgment upon that discussed by Selden, J.; and Shankland, J., took no part in the decision.
Judgment reversed and new trial ordered.* ■