## Louis's Administrator *v.* Easton.

*Action on Account for Price of Goods sold and delivered.*

*Competency of plaintiff's assignor as witness, in action against executor or admin-istrator.* — In an action against an executor or administrator, founded on an account, or other non-negotiable contract for the payment of money, which has been assigned, the plaintiff's assignor or transferror is not a competent witness for him, to prove any transaction with or statement by the decedent in 'his lifetime. (PETERS, C. J., dissenting.)

APPEAL from the Circuit Court of Greene.

Tried before the Hon. L. R. SMITH.

This action was brought by William C. Easton, against Thomas C. Clark, as the administrator of the estate of John Louis, deceased; and was founded on an account for goods sold and delivered to said John Louis in his lifetime by the firm of Paschal & Foster, who transferred said account to the firm of Easton, Wymans & Co., by whom it was transferred to the plaintiff. The account was contracted between the 30th July, 1866, and the 29th March, 1867; and the action was commenced on the 4th February, 1870. The defendant pleaded, " in short by consent — 1st, that he denies that the money claimed is the property of the plaintiff; 2d, that the said John Louis owed the money at the time of his death; 3d, the statute of limitations of three years, which is a bar to open accounts; " and issue was joined on these pleas.

On the trial, as the bill of exceptions states, the plaintiff offered W. M. Paschal as a witness, " to prove the correctness of the account sued on, and that the same was just and unpaid." Objection being made to the competency of this witness, he testified, on his *voir dire*, " as to his interest in said account, that he, for the firm of Paschal & Foster, transferred said account to Messrs. Morgan & Jolly, as attorneys of Easton, Wymans & Co., in the lifetime of said John Louis, in payment of a claim which Paschal & Foster owed to them, and which had been sent to said attorneys for collection; and that he now had no interest in said account." The court thereupon overruled the objection to the competency of said witness, and allowed him to testify, as proposed, to the sale of the goods, the correctness of the account, its transfer by delivery, during the lifetime of said John Louis, to said Morgan & Jolly as attorneys for Easton, Wymans & Co.; and further, that said Louis acknowledged the correctness of the account to him, and offered to give his note for the amount. The defendant reserved an exception to the overruling of his objection to the competency of said witness, and also to the admission of his testimony; and he now assigns these matters as error.

J. B. & T. C. CLARK, for appellant.

MORGAN & JOLLY, *contra.*

BRICKELL, J. — The only objection to the competency of witnesses, in civil proceedings, allowed by the statute, is, " that in suits or proceedings by or against executors or administrators (as to which a different rule is not made by the laws of this State), neither party shall be allowed to testify against the other, as to any transaction with, or statement by the testator or intestate, unless called to testify thereto by the opposite party." R. C. § 2704. At common law, the transferror of a chose in action was not a competent witness for his transferee to support the claim transferred. This rule of exclusion was not founded on the ground that the transferror had an interest in the event of the suit, but on reasons of public policy ; and no release could remove the objection. *Houston* v. *Prewitt,* 8 Ala. 846 ; *Clifton* v. *Sharpe,* 15 Ala. 618. This rule of the common law was carried into and formed section 2290 of the Code of 1852. The reason assigned for the rule was, that it would let in the evils of champerty and maintenance, and would operate as an evasion of the rule excluding as witnesses those having a direct and immediate interest in the suit. A party to a contract, finding he had not legal evidence to sustain an action on it, could render himself competent by a transfer to another, while the lips of his adversary were sealed by an inflexible rule of law. The law can never permit indirection, or evasion, to accomplish that which is not capable of being accomplished directly. It was not material that, in the particular case, the transfer was made in good faith, and for a valuable consideration ; the evils to be avoided were in some degree the same, and the rule was applied.

The same reasons induce us to hold, that the transferror of a chose in action, on which, if no transfer had been made, suit must have been brought in his name, cannot render himself a competent witness against an executor or administrator under the statute of this State. He may not be within the letter, but he is within the spirit and policy of the statute. The object of the statute is to extend to each party the right and privilege of testifying. This right and privilege must be mutual. It cannot exist in the one party, and not in the other. If death has closed the lips of the one party, the policy of the law is to close the lips of the other. In all actions on contracts for the payment of money, whether express or implied, which must, under our system, be instituted in the name of the party having the beneficial interest, the policy of the statute would be defeated, if, by the machinery of a transfer, the party with

whom the contract was made could render himself a competent witness against his deceased adversary. Nor can we think the fact that the transfer was made before the death of the party supposed to be bound by the contract varies the rule. His death destroys the mutuality the statute intends to preserve, and an advantage would thereby accrue to the party suing on the contract, which the statute guards against.

In the case of *Stuckey* v. *Bellah* (41 Ala. 700), an action of trover was instituted against a defendant individually, which could have been prosecuted against him in his capacity of administrator. This court held the case, though not literally within the statute, yet within its spirit; and said it must not receive such a construction as would place it within the power of a plaintiff to avoid its mandate by the election of the remedy he would pursue, and declared the plaintiff was not in the case a competent witness. In *Mountain* v. *Collins*, at June term, 1872, it was held that the exception of the statute applied, where a liability of the decedent, or a benefit to his estate, is sought to be established, whether the personal representative or the heir be a party. The policy of the exception would be defeated, and the exception itself would be the subject of frequent evasion, if it was confined in its operation to parties in the strict sense. The exception must embrace every case, in which it is sought to fasten on an estate a liability by the testimony of the party with whom that liability is created. The assignee or transferee of a contract, not negotiable, stands in the place, and succeeds only to the rights, of his assignor or transferror. Whatever disabilities rest on the assignor or transferror, must devolve on him.

The witness Paschal was one of the transferrors, from whom the appellee derived his right of suit. He was called to testify as to the intestate's admission of the correctness of the account, and as to his purchases of the goods charged in the account. He was not a competent witness for this purpose, and the objection of appellant to his admission as a witness and to his evidence should have been sustained.

The judgment is reversed, and the cause remanded.

PETERS, C. J. (dissenting.) — I am compelled respectfully to dissent from the opinion of a majority of the court in this case, and its judgment. I think that the construction of the statute brought in question is incorrectly made. The enactment referred to is very clearly intended to remove all objection to a witness on account of interest merely. This overturns the old rule of exclusion on account of interest, in every case, except one only. The language of the Code is this: " In suits and proceedings before any court or officer, other than

[Louis's Administrator *v.* Easton.]

criminal cases, *there must be no exclusion of any witness*, because he is a *party* or *interested* in the issue to be tried." Rev. Code, § 2704. This is the new rule. To this there is *one* exception, and *only one*. This is expressed in definite and precise words. *O'Neal* v. *Reynolds*, 42 Ala. 197. It is precisely defined; and expressed with equal clearness, as the general rule. It is thus stated : " Except that, in suits or proceedings *by* or *against* executors or administrators, neither *party* shall be allowed to testify against the other, *as to any transaction with*, or *statement by* the testator or intestate, unless called to testify thereto by the opposite party." Rev. Code, § 2704; *Jeffries* v. *Avary*, at the January term, 1873. The witness excluded under the exception is only the " party to the suit." This description does not include a transferror or assignor of a promissory note, or verbal contract, or an account. Only the transferee or assignee is, or can be, the proper party to the suit on such contracts. Rev. Code, § 2523; 35 Ala. 693; 33 Ala. 706; 31 Ala. 404. Then, " *a party to the suit* " only is excluded ; no other person. This language is so clear, that it does not admit of construction. " The current of authority at the present day," says Chancellor Kent, quoting Mr. Justice Bronson, of the supreme court of New York, "is in favor of reading statutes according to the *natural* and *most obvious* import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation." 1 Kent [462] ; 20 Wend. 561. The legislature made but one single exception, which could not have been marked out by language of greater clearness. When this is so, it seems to me a necessity of the fixed canons of construction, that the exclusion must be confined to the language defining the exception, which, *ex vi termini*, leaves out all other exceptions. Broom's Maxims. Here, from the language used, it is not open to doubt, as to the person intended. He must be " a party to the suit." To extend the particular identification of the person named, and thus let in others not named, seems to me against principle, and an unauthorized judicial interference with clear legislative expression. The law, before the statute, allowed a transferror or assignor to be made competent by a release. 1 Greenl. Ev. § 426; but see *Houston* v. *Prewitt*, 8 Ala. 846 ; *Brown* v. *Brown*, 5 Ala. 508. But, besides this, the court takes notice of the existence of the general assembly as a part of the government of the State, and of its mode of proceeding in the enactment of laws. It must, therefore, be known, that all bills, before they are enacted into laws, are carefully considered in both houses of the general assembly ; and when they involve questions of evidence, they are submitted to the examination and approval of an able judicial committee. Const. of Alabama, Art. IV. §§ 8, 10, 15.

[Ex parte Keeling.]

Under such circumstances, when the legislative body uses language which is clear and definite, and without any duplicity of meaning, it seems to me safest and most consistent with long established and admitted principle, that the words used must be taken in their clear and definite and common meaning, and not in another ambiguous and recondite meaning not properly in the legislative mind when they were used. If we stick to the words, there can be no judicial vagaries; if we do not, then we may wander in the wilderness of doubts and surmises almost indefinitely. It is beyond all rational doubt, that " a party to the suit " only means a party to the *record*, and *no other*. 1 Chitt. Pl. 1, 2 *et seq*.

The witness offered in this case, being a mere transferror of the claim in suit, and not a party to the record, is not such a person as is excluded by the exception named in the Code. He was, therefore, properly allowed to testify for the plaintiff. He was not a party to the suit, or a party to the record. By the express language of the Code, and its clear meaning, he was competent. So the court below decided; and, in my opinion, the decision was wholly correct. I add, that I say this with the most sincere respect and confidence in the learning, ability, and high integrity of the majority of the court.

The judgment of the court below should be affirmed.