# Carter Brothers & Co. *v.* Challen.

*Bill in Equity to establish Resulting Trust in Lands.*

1. *Resulting trust arising from payment of purchase-money.*—A resulting trust in lands will be declared in favor of the person who paid the purchase-money, the legal title being taken in the name of another, when the evidence of such payment is, as here, full, clear, and convincing.

2. *Same; when declared against judgment creditor.*—A resulting trust in lands can not be established in favor of the person who paid the purchase-money, as against a judgment creditor or purchaser for valuable consideration without notice (Code, § 2200); but possession by the claimant of such equity is equivalent to constructive notice, and as effectual for that purpose as the registration of a legal title would be.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 21st January, 1886, by William Challen, against Carter Brothers & Co., judgment creditors of William P. Challen, and against said William P. Challen and others, as heirs at law of James Challen, deceased; and prayed relief as follows—1st, an injunction to restrain the sale of certain town lots in Tuscumbia, of which the complainant was in possession, and on which the sheriff had levied an execution against said Wm. P. Challen, issued on a judgment which Carter Brothers & Co. had recovered against him; 2d, the cancellation of a deed for the lots, which a former sheriff had executed to said James Challen, since deceased, as the purchaser at a sale under executions against the complainant, on the ground that it was. a cloud on the complainant's title; and, 3d, other and further relief under the general prayer. The sheriff's sale of the lots, under the executions against the complainant, which aggregated about $1085, was made on the 1st May, 1882; the lots being bid off by James Challen, who was his brother, at the aggregate price of $258.75; and the sheriff executed a conveyance to him a few days afterwards. James Challen died on or about

the 25th September, 1882, leaving William P. Challen and others, nephews and nieces, with the complainant, as his heirs at law and the distributees of his estate. Carter Brothers & Co. recovered a judgment against said Wm. P. Challen on the 18th March, 1885, and had an execution thereon levied on his interest in the lots, The complainant alleged that he had remained in uninterrupted possession of the lots; that he paid the purchase-money to the sheriff, on the bid made by James Challen, before the execution of the sheriff's deed to the latter; that James Challen never was in possession, never asserted any claim or title, and disclaimed any interest to persons desiring to purchase. Carter Brothers & Co., by demurrer, plea, and answer, set up the defense, that they were judgment creditors without notice of the asserted equity, until after the lien of their execution had attached; and they denied the alleged payment by the complainant of the purchase-money bid by James Challen at the sheriff's sale.

The chancellor overruled the plea and the demurrer, and, on final hearing on pleadings and proof, rendered a decree for the complainant; and these decrees are now assigned as error by Carter Brothers & Co.

EMMET O'NEAL, for the appellants.—(1.) To establish the equity asserted in this case, which is in the nature of a resulting trust in lands, against the express terms of the sheriff's deed, "the proof must be full, clear, and convincing." *Lee v. Browder,* 51 Ala. 289; *Boyd v. McLean,* 1 John. Ch. 590; Perry on Trusts, § 137; 1 L. C. in Eq. 200; *Ins. Co. v. Randall,* 71 Ala. 222; *Lehman v. Lewis,* 62 Ala. 129; *Tilford v. Torrey,* 53 Ala. 120; *McCall v. Rogers,* 77 Ala. 352; *Bibb v. Hunter,* 79 Ala. 352; *Bailey v. Irwin,* 72 Ala. 167. It is submitted that the evidence adduced does not come up to the required standard. There is no evidence as to the ownership of the money handed to the sheriff in satisfaction of James Challen's bid. Only the complainant himself and James Challen, now deceased, could have testified positively to the fact of ownership; and the former's failure to testify is a significant fact. The testimony of the sheriff is, that James Challen, when asked for the money bid at the sale, referred him to his brother, the complainant, who was a merchant in the town; and that the latter, when asked, took the money out of his desk (or drawer), and handed it to him. W. Phallen, complainant's other witness, saw the money handed by him to the sheriff, but heard nothing said as to the own-

[Carter Brothers & Co. v. Challen.]

ership of it. There is no proof that complainant claimed to be the purchaser, or demanded a deed, or asserted ownership of the money. Nor could he do so, indeed, since he was then insolvent, and the unsatisfied executions in the sheriff's hands more than trebled the amount of the bid; and if he had asserted ownership of either the land or the money, the claims of his creditors would have attached. If he advanced the money as a loan to his brother, no resulting trust accrued to him; and if he was acting in fraud of his own creditors, a court of equity will not assist him.—*Patton v. Beecher*, 62 Ala. 580. (2.) If the complainant's equity had been fully proved, it could not prevail against these appellants, who were judgment creditors without notice.—Code, § 3200; *Preston & Stetson v. McMillan*, 58 Ala. 91; *Dickerson v. Carroll*, 76 Ala. 376; *Walker v. Elledge*, 65 Ala. 51.

WM. & L. B. COOPER, *contra.*—(1.) As to the equity of the bill, see *Martin v. Hewitt*, 44 Ala. 418; *Thornton v. Gould*, 59 Ala. 461; *Downing v. Mann*, 43 Ala. 226; *Lyon v. Hunt*, 11 Ala. 295; *Burt v. Cassity*, 12 Ala. 734; *Marston v. Rowe*, 39 Ala. 722; *Rea v. Sedgwick*, 54 Ala. 291. (2.) As the judgment debtor, the complainant was entitled to redeem from the purchaser at the sale; and the payment having been made and accepted before the purchaser had received a deed from the sheriff, no conveyance from him was necessary. (3.) The complainant's possession was constructive notice of his rights, and prevented the lien of appellants' execution from attaching.—*Fenno v. Sayre & Converse*, 3 Ala. 458; *Burt v. Cassity*, 12 Ala. 734; *Smith v. Zurcher*, 9 Ala. 208; *Tutwiler v. Montgomery*, 73 Ala. 264; *Morgan v. Morgan*, 3 Stew. 383. (4.) The relief granted was authorized by the general prayer.—*May v. Lewis*, 22 Ala. 640; *Walthall v. Rives, Battle & Co.*, 38 Ala. 329; *Kirksey v. Means*, 42 Ala. 426.

SOMERVILLE, J.—A question of controlling importance is the ownership of the money which was paid to the sheriff, in satisfaction of the amount bid for the land at the sheriff's sale by James Challen. The Chancellor found that this money was the property of the complainant, William Challen, and that its payment created in his favor an equity by way of resulting trust, which attached to the legal title, if any was conveyed by the sheriff's deed executed to James Challen. We have examined the testimony accurately, and are

of the opinion that it sustains the Chancellor's finding, admitting the rule, in all its force, that the evidence of a trust in such cases must be full, clear and convincing.

This money is shown to have been paid a few days after the sale, and before the execution of the sheriff's deed. The inference is not unfair, that this conveyance was made by mistake. It does not appear that complainant was cognizant of it. He remained in possession and control of the premises, and the reputed purchaser not only did not claim possession or ownership, but expressly on one occasion repudiated any claim to the property. The testimony lends no support to the view, that the money was advanced as a loan to James Challen. Nor is any fraud proved on the part of the complainant. Under the authorities, the evidence sustains satisfactorily the creation of a resulting trust.—*Bates v. Kelly*, 80 Ala. 142.

It is contended by the appellants, Carter Bros. & Co., that this equity of the complainant can not prevail against the alleged lien of their execution, the enforcement of which is sought to be enjoined in this suit. Their judgment debtor is William P. Challen, whose title, if any, was derived by inheritance from his uncle, James Challen, the alleged purchaser at the sheriff's sale.

There is one sufficient reason, if not more, which, in our opinion, renders the equity of the complainant superior to the alleged lien of the appellants. The continued possession of the premises in controversy by the complainant, was a fact of sufficient import to charge the appellants, Carter Bros. & Co., with notice of the existence of this equity, being as effectual for this purpose as the registration of a legal title would be. This fact of possession was sufficient to put the appellant on inquiry; and this inquiry, if properly pursued, would have led to knowledge of the equity in question. *Tutwiler v. Montgomery*, 73 Ala. 263; *Brunson v. Brooks*, 68 Ala. 248. The statute declares that "no trust, whether implied by law, or created or declared by the parties, can defeat the title of creditors, or purchasers for valuable consideration, *without notice.*"—Code, 1876, § 2200. The word "creditors," as often decided, here means judgment creditors having a lien.—*Dickerson v. Carroll*, 76 Ala. 377; *Preston v. McMillan*, 58 Ala. 84. The appellants can claim priority on no other ground than by bringing themselves within the class protected by this statute. This they can not do, if it appears that they have notice of the complainant's title,

actual or constructive. As we have said, the fact of complainant's possession charges them with such notice.

The decree of the Chancellor perpetuating the injunction is free from error, and must be affirmed.