# Anthe *v.* Heide.

*Bill in Equity to establish Resulting Trust in Lands.*

1. *Resulting trust in lands; when equity will declare and enforce.*—A verbal agreement by the defendant, on buying lands with his own money, to purchase and hold the land for the use of the complainant, or to convey it to her on request, being void under the statute of frauds (Code, § 1845), no resulting trust can arise from it; but, if any part of the money used was furnished by the complainant, or was advanced for her by the defendant as a loan, a resulting trust will be declared in her favor to this extent; and this may be established by parol evidence, if full, clear, and convincing.

2. *Protection to bona fide purchaser without notice, against secret equity.* A mere donee, or volunteer, is not entitled to protection, as a *bona fide* purchaser for value, against a secret equity of which he had no notice; nor is a mortgagee entitled to such protection, when his mortgage was given to secure an antecedent debt; and possession by the holder or claimant of an equity in land, is constructive notice to all the world.

APPEAL from the City Court of Birmingham, in equity. Heard before the Hon. H. A. SHARPE.

[Anthe v. Heide.]

The bill in this case was filed on the 4th August, 1886, by Frank Anthe and wife, againt Frank Heide and wife and one John Knaus; and sought to establish a resulting trust in a city lot in Birmingham, to the extent of an undivided one-half interest, as per the terms of an alleged verbal agreement between said Anthe and Heide, to the effect that the purchase should be made on joint account, each paying one-half of the purchase money, and acquiring a half interest in the property for their respective wives. The property was bought from the Elyton Land Company, on the 5th June, 1883, at the price of $500; of which sum $100 was paid in cash, and Heide gave his six promissory notes for the balance, payable at intervals of six months. The bond for title was taken by Heide in his own name, and was afterwards transferred by him to his wife; and a conveyance to her was executed by the vendor, on the 6th May, 1886, on payment of the last note before maturity. The complainants alleged in their bill, that they paid one-half of each installment of the purchase-money, except the last; that Heide paid it, before maturity, without their knowledge or consent, and procured the execution of a conveyance to his wife; and they offered to pay whatever balance, if any, might be found due on an accounting between them. On March 30th, 1886, Heide and wife conveyed the premises by mortgage to said John Knaus, to secure an indebtedness then past due, as the bill alleged; and the complainants insisted that he was chargeable with notice of their equitable rights. The defendants filed a joint answer, denying the material allegations of the bill as to the agreement to buy the land on joint account, and as to the payment of any part of the purchase-money by the complainants. On final hearing, on pleadings and proof, the court dismissed the bill; and this decree is here assigned as error.

J. J. GARRETT, for appellants, cited Perry on Trust, §§ 126, 133–4, 137; 2 Pomeroy's Equity, 611, citations in note; *Rothwell v. DeWitt*, 1 Black, U. S. 613; *Andrews & Bros. v. Jones*, 10 Ala. 420; *Rhea v. Tucker*, 56 Ala. 450; *Lehman v. Lewis*, 62 Ala. 133; *Bates v. Kelly*, 80 Ala. 142; Waterman on Spec. Performance, pp. 349–50, 729; 67 N. Y. 70.

WEAVER & SELHEIMER, and R. H. PEARSON, *contra.*—The agreement is not such an one as can be specifically enforced. Waterman on Spec. Performance, § 513, citing *Green v.*

[Anthe v. Heide.]

*Drummond*, 31 Md. 71. There is not sufficient evidence of part performance to take the case out of the statute of frauds. *Aday v. Echols*, 18 Ala. 353; *Danforth v. Lancy*, 28 Ala. 274; *Pike v. Pettus*, 71 Ala. 98; 1 Story's Equity, 815. On the facts alleged and proved, no trust arises by implication of law.—*Green v. Drummond*, 31 Md. 71; *Whaley v. Whaley*, 71 Ala. 159; *Bibb v. Hunter*, 77 Ala. 351. An express trust, relating to land, can only be created or declared by writing.—Code, 1876. § 2199; *Patton v. Beecher*, 62 Ala. 587; *White v. Farley*, 81 Ala. 563; *Bibb v. Hunter*, 79 Ala. 351. This court will not disturb the chancellor's decision on a question of fact, unless there is a decided preponderance of the evidence against it.—*Moog v. Farley*, 79 Ala. 246.

SOMERVILLE, J.—There is practically but one question in this case, and upon the solution of that turns the correctness or incorrectness of the conclusion reached by the chancellor, who dismissed the complainant's bill. If the *money* paid for the lot in controversy was the money of Heide, then no trust in the land could result in favor of the complainants, by reason of any alleged parol promise by Heide to purchase the land, and hold it for the use of Mrs. Anthe, or to convey it to her on her request. Such an agreement would be void by virtue of our statute of frauds. *White v. Farley*, 81 Ala. 563; *Patton v. Beecher*, 62 Ala. 579; Code, 1886, § 1845. But if, on the contrary, any portion of the money paid to the Elyton Land Company, as the consideration for the purchase of the land, was the money of Mrs Anthe, as alleged in the bill, although the bond for title was taken by Heide in his own name, a resulting trust in the land would enure to the benefit of Mrs. Anthe, to the extent of the consideration advanced by her. And if Heide himself advanced any part of the consideration by the way of a loan to Mrs. Anthe, under an agreement, express or implied, he would hold the property upon a resulting trust in her favor, to the extent of her interest in such money consideration, which is alleged in the bill to be an undivided half interest.—*Bates v. Kelly*, 80 Ala. 142, and cases there cited.

We have examined the testimony with great care, and are unable to resist the conclusion, that the chancellor erred in holding that the complainants were not entitled to the relief prayed for in the bill. We are clearly and satisfactorily

[Anthe v. Heide.]

convinced, that the property in controversy was bought on joint account between Mrs. Anthe and the defendant Heide, and that she is, under the testimony, entitled to an equity in an undivided half interest in it. A portion of the consideration was paid for with her money—hers we mean so far as her husband and these defendants are concerned—and the other portion with the money of Heide. The last payment made by Heide, being anticipated by him without the consent or knowledge of the complainants, must in justice and good conscience be considered as a fraud on the rights of complainants, and an advance by way of implied loan to Mrs. Anthe, to the extent of the difference between what she had paid and one-half of the entire purchase-money, with interest. This conclusion seems to us to be corroborated by a decided preponderance of the testimony, including the written evidence introduced, the clear, deliberate and frequent admissions of the defendant Heide, and the testimony of many disinterested witnesses in the case. The testimony of the defendant Heide to the contrary, we think, is successfully impeached by strong contradictory evidence not reconcilable with his phase of the case. To our minds, the evidence establishing the trust in complainant's favor is full, clear and convincing, and this is all that is required.—*Carter v. Challen*, 83 Ala. 135, and cases cited.

The defendant Knaus can not claim to be protected as a *bona fide* purchaser by reason of his mortgage, so far as the equity of Mrs. Anthe is concerned, for two reasons: *First*, the mortgage debt is an antecedent, or pre-existing one; and, *second*, the complianants were in actual possession of the premises, claiming to own an undivided half interest in it, and this operated as constructive notice of their equity.

Mrs. Heide is a mere volunteer under the deed taken to her from the Elyton Land Company. She can be in no better condition than if the deed had been made to Heide, and he had conveyed to her by way of mere gift. The title of the complainants can not be affected by such a transfer, especially by one who is shown to be insolvent. A mere donee can never be protected as a *bona fide* purchaser for value.

The decree of the chancellor must be reversed, and a decree will be rendered in this court, decreeing the complainants to be entitled to the relief prayed. The cause will be remanded, that a reference may be made to the register to state an account, with a view of ascertaining how much

[Thompson v. Greene & Co.]

the complainant, Mrs. Anthe, owes to the defendant Heide on the purchase-money of said land paid by him on her account.