# Munn v. Achey.

### Bill in Equity to enforce Vendor's Lien.

.1. *Mortgagee and mortgagor; constuctive notice of prior lien.*—Where parties, who are in the apparent and open possession of land, claiming entire ownership thereof under a deed from their father acknowledging the receipt of the purchase money of said land, mortgage the land to secure a loan, the mere fact that at the time of such loan and the execution of the mortgage the mortgagors' widowed mother, their father having previously died, resided on the premises and cultivated a portion of the lands, is not sufficient to charge the mortgagee with constructive notice that she claimed a vendor's lien on said land under an alleged transfer from her husband of purchase money notes executed by the mortgagors for said land ; and the mother can not

maintain a bill against such mortgagee to enforce her alleged vendor's lien.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on December 9, 1891, by the appellant, Eveline Munn, against the appellees, to enforce an alleged vendor's lien. The facts of the case are sufficiently stated in the opinion.

On the final submission of the cause, the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered the bill dismissed. Complainant appeals from this decree, and assigns the same as error.

ROBERTS & MARTIN, for appellant.—The possession of Mrs. Munn during the entire time, asserting her vendor's lien on said lands, of the negotiations between Achey and Barker and J. J., A. P. and D. Munn was a fact of sufficient importance to charge the respondents, Achey and Barker, with notice of the existence of her equity; being as effectual for this purpose as the registration of a legal title would be. This fact of possession by Mrs. Munn, asserting openly, notoriously and continuously that she held a vendor's lien on said lands was sufficient to put the respondents, Achey and Barker, on inquiry, and this inquiry, if properly pursued, would have led to knowledge of the equity in question.—*Brunson v. Brooks*, 68 Ala. 248; *Tutwiler v. Montgomery*, 73 Ala. 269; *Carter Bros. v. Challen*, 83 Ala. 135; *Anthe v. Heide*, 85 Ala. 236; *Price v. Bell*, 91 Ala. 180. A purchaser of land which is at the time in the possession of a third person, is put on inquiry as to the nature of that possession, and the character of the title or interest claimed, and is chargeable with constructive notice of the facts which inquiry would have developed.—*Hendricks v. Kelly*, 64 Ala. 388.

It is well settled that whatever is sufficient to put a party on inquiry is enough to charge him with notice; and a third party being in possession at the time of the purchase is sufficient to put him upon inquiry.—*Herbert v. Hanrick*, 16 Ala. 581; *Brewer v. Brewer*, 19 Ala. 481; *McGhee v. Gindrat*, 20 Ala. 95; *Center v. P. & M. Bank*,

22 Ala. 743; *Burns v. Taylor*, 23 Ala. 255; *Garrett v. Lyle*, 27 Ala. 586.

PARKS & GAMBLE, *contra*.

HEAD, J.—On the 22d day of October, 1887, Daniel Munn conveyed to his three sons what was known as his "River Mill Place," consisting of 720 acres, his deeds containing an acknowledgment of the receipt of the purchase price. About two years afterwards, the vendees borrowed twenty-five hundred dollars from the defendant, Frances L. Achey, and executed to her a mortgage on the lands to secure the same. At the time of the loan, Eveline Munn, widow of the vendor, and mother of the mortgagors, resided in one of the houses on the farm, and with her daughters and minor children cultivated a part thereof. Her said three sons, likewise, dwelt there with their families, conducting farming operations, renting to tenants and running the mill situated on the place. They claimed and represented that the property belonged entirely to them, and that it was free from any lien or incumbrance. On the 9th day of December, 1891, the mother, her husband being then dead, filed her bill to enforce an alleged vendor's lien, which she claimed to have on the land, as the transferee from her husband, of certain purchase money notes of even date with his deeds, executed by the sons, and amounting to six thousand dollars. She asserted priority over the mortgage to the defendant, and the controversy here is between these two claimants. The chancellor decided against the complainant, and she appeals.

It is clearly shown that the mortgagee had no actual notice or knowledge of the supposed vendor's lien; and the sole contention of appellant is, that she had such possession of the lands as to charge the appellee with constructive notice of her equitable rights. It is, undoubtedly, true, that a possession, which contains the elements required by the rule, will operate as notice of the occupant's equitable rights, and we have often so decided.—*Carter Bros. v. Challen*, 83 Ala. 135; *Phillips v. Costley*, 40 Ala. 486; *Garrett v. Lyle*, 27 Ala. 586. But to constitute notice the possession must be open, visible, exclusive, and inconsistent with the legal title.—*Smith v. Jackson*, 76 Ill. 254; *Boyce v. McCulloch*, 3 Watts &

Serg. 429; s. c. 39 Am. Dec. 35; *Bell v. Twilight*, 18 N. H. 159; s. c. 45 Am. Dec. 367; *Townsend v. Little*, 109 U. S. 504, 16 Am. & Eng. Encyc. of Law, 800–803. "What makes inquiry a duty is such a visible state of things as is inconsistent with a perfect right in him who proposes to sell."—*Meehan v. Williams*, 48 Pa. St. 238. "Where the vendor is in the apparent possession, the subsequent purchaser finding the title of record in the vendor is put on no further inquiry, because the possession appears to be according to the legal title, and if at the time another person is also in possession there is no presumption of title in him, inconsistent with that found in the vendor."—*Smith v. Yule*, 31 Cal. 180; s. c. 89 Am. Dec. 167. This principle is recognized in *McCarthy v. Nicrosi*, 72 Ala. 332, and is well illustrated in *Billington v. Welsh*, 5 Binn. 129; s. c. 6 Am. Dec. 406. In discussing and allowing possession as constructive notice, the courts lay quite as much stress upon the fact that the vendor or mortgagor is *out*, as that the claimant of the equity or unrecorded legal right is *in*, possession. In this case, an insuperable difficulty in the way of appellant arises from the want of the essential element of *exclusiveness* in her holding. Although she may have had a sort of possession or occupancy, that of her sons, the mortgagors, was of much more decided character. A clear unincumbered record title was found in them; they were in the apparent and open possession of the property, under claim of entire ownership; and the mere fact that their widowed mother, who was in a measure under their care and protection, resided on the place and cultivated a portion of the land, would not suggest to an intending purchaser, inspecting the property, that she had any secret, legal or equitable claim in hostility to her sons, and, hence, would not charge the mortgagee with constructive notice of her asserted vendor's lien, under a supposed transfer from her husband.—*Hanrick v. Thompson*, 9 Ala. 409.

In this view, it is unnecessary to consider whether or not, in reality, the appellant had a *bona fide* claim for purchase money.

This disposes of the only ground, upon which we are asked to reverse the chancellor's decree, and we have only to declare that it must be affirmed.

Affirmed.