# White, Admr. *v.* Thompson *et al.*

### Proceedings in Probate Court for Settlement of Administration.

1. *Settlement of administration; creditor of estate incompetent to prove debt paid to him.*—A creditor of the estate of a decedent, who has been paid by the administrator, is not a competent witness on the settlement of the administration in the probate court, to prove the alleged debt, to the end that the administrator may be allowed a credit against the estate for its payment.

APPEAL from the Probate Court of Jefferson.

Heard before the Hon. J. P. STILES.

The proceedings in this case were had upon a partial settlement made by H. K. White, as administrator *de bonis non* of Samuel Thompson, deceased. On this settlement, White, as administrator *de bonis non* of said estate, asked to be allowed a credit for money he had paid to one Robert Charlson. The allowance of this credit was resisted by the appellees as heirs of Samuel Thompson, deceased; one of the grounds of said resistance being that Samuel Thompson, deceased, was never, in fact, indebted to the said Robert Charlson. Robert Charlson claimed that said Samuel Thompson in his life time, borrowed money from him to the amount of $250, and he called upon H. K. White, as administrator *de bonis non* of the estate of Samuel Thompson, for the payment of this money, which White paid without the knowledge or consent of any of the heirs of said estate. White offered to prove the indebtedness of Thompson to Charlson by the testimony of said Charlson. This testimony was objected to by the contesting heirs, upon the ground that Charlson was not a competent witness to testify to such facts. The court sustained this objection, refused to allow the introduction of said testimony, and to this ruling H. K. White, as administrator, duly excepted.

Upon the consideration of all the evidence in this case, the court refused to allow H. K. White credit for the

amounts paid to Charlson, and to this ruling White duly excepted. H. K. White appeals, and assigns as error the rulings of the trial court upon the evidence, and the refusal of the court to allow him, White, credit for the amount paid by him to Charlson.

H. K. WHITE, for appellant, cited, Code, § 1794; *Clifton v. Sharpe,* 15 Ala. 618; *Kirksey v. DuBose,* 19 Ala. 43; *Loftin v. Lyon,* 22 Ala. 340; *Sawyer v. Ware,* 26 Ala. 675; *Louis v. Easton,* 50 Ala. 470; *Dunlap v. Mobley,* 71 Ala. 102; *Adler v. Pin,* 80 Ala. 351; *U. S. v. Dickson,* 15 Peters, (U. S.) 141; *Minis v. U. S.,* 15 Peters 423; *Wyman v. Southard,* 10 Wheat. (U. S.) 1.

F. E. BLACKBURN, *contra.*—Neither a creditor of an estate, whose claim has been paid by the administrator, nor the administrator are competent witnesses to prove the claim.—*Hullett v. Hood,* 109 Ala. 345; *Dunlap v. Mobley,* 71 Ala. 102.

McCLELLAN, C. J.—The only question in this case is whether a creditor of the estate of a decedent who has been paid by the administrator may be called by the latter on his settlement in the probate court to prove the alleged debt to the end that the administrator be allowed a credit against the estate for its payment. We deem it unnecessary to discuss this question further than to say that such creditor is within the spirit of the statutory exception to the statutory rule of competency which declares a transferor incompetent to prove for the transferee a claim against the estate of a dead man, that our own adjudications extend the rule to cases within its purview and spirit though not strictly within its terms, and constrain us to hold that such creditor even after the payment of his claim is not a competent witness to establish the claim against the estate in favor of the administrator.—*Louis' Admr. v. Easton,* 50 Ala. 470; *Hullett v. Hood, Admr.,* 109 Ala. 345.

The decree of the probate court must be affirmed.