# McCullars *v.* Reaves.

## *Ejectment.*

(Decided June 30, 1909.  50 South. 313.)

1. *Sales; Execution; Purchaser; Notice.*—Open possession by a grantee under an unrecorded deed, either personally or by a tenant, is constructive notice to a purchaser at execution sale of a change in ownership.

2. *Executions; Purchaser; Unrecorded Deed; Notice.*—A wife obtained a bond for title from her husband to certain lands, rented out the lands and collected the rents, and then obtained a deed, but did not have it recorded until after the levy of an execution on

[McCullars v. Reaves.]

the land as the property of the husband. Held, a purchaser at the execution sale was charged constructively with notice of the change in possession.

(Simpson, Anderson and McClellan, JJ., dissent.)

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Ejectment by D. J. McCullars against Beatrice Reaves. Judgment for defendant and plaintiff appeals. Affirmed.

LAPSLEY & ARNOLD, for appellants. The court below erred in its conclusions and judgment on the evidence.— Sec. 1005, Code 1896, and authorities thereunder cited. —*King v. Faulk,* 85 Ala. 186; *Griffin v. Hall & Farley,* 115 Ala. 647; s. c. 119 Ala. 214; s. c. 129 Ala. 289; *Jernigan v. Flowers,* 94 Ala. 508; *Gravelee v. Williams,* 112 Ala. 543. There was no visible change in the possession of the land.—Authorities supra. The court erred in admitting the deed of J. L. Reaves to Beatrice Reaves in evidence.—Authorities supra. The court also erred in admitting evidence of the bond for title executed to defendant by J. L. Reaves.—Authorities supra.

WILLETT & WILLETT, and J. F. CREEN, for appellee. Under the facts in this case there was such a possession as to place the purchaser under execution sale constructively upon notice of the change.—*Scroggins v. McDougall,* 8 Ala. 282; *Harris v. Carter,* 3 Stew. 233; *Powell v. Allred,* 11 Ala. 318; *Brunson v. Brooks,* 68 Ala. 251; *McCarty v. Nicrosi,* 72 Ala. 334; *Tutwiler v. Montgomery,* 73 Ala. 268; see also *Fitzgerald v. Williams,* 85 Ala. 585; *Motley v. Jones,* 98 Ala. 443; 109 Ala. 430; 87 Ala. 233.

SIMPSON, J.—This is a statutory ejectment, by the appellant against the appellee. The appellant claims

title by virtue of purchase at execution sale on a judgment against James L. Reaves, who is the husband of the defendant. Said judgment was dated at the spring term, 1907, and the execution was issued April 29, 1907, placed in the hands of the sheriff June 4, 1907, levied July 1, 1907, and the property was sold August 12, 1907. The defendant offered a bond for title from her said husband, dated December 22, 1904, also a deed from the same, dated December 22, 1906, which was not recorded until July 10, 1907. Defendant's witnesses testified that she had rented the land to tenants since the latter part of 1904, and had collected the rents. The plaintiff testified that he had no knowledge or notice of the title bond or deed, had never heard of either before he purchased at sheriff's sale, nor had he seen or heard of any one's being in possesion of the property, nor of the defendant's claiming any interest therein.

There are a number of cases holding that where a vendee goes into possesion, either personally or by tenant, and holds possession opening and notoriously, it is constructive notice of the change in ownership, notwithstanding the deed of conveyance is not recorded.— *Scroggins v. McDougald,* 8 Ala. 382; *Harris v. Carter's Adm'rs,* 3 Stew. 233; *Brunson v. Brooks,* 68 Ala. 251; *Powell v. Allred,* 11 Ala. 318; *McCarthy v. Nicrosi,* 72 Ala. 334, 47 Am. Rep. 418. The reasoning of all these cases is that the possession by another than the original owner is visible, open, and notorious, so that the subsequent purchaser is put upon notice as effectively as he would be by the recording of the conveyance. Consequently it is as uniformly held that where there is no open and visible change of possession as where the same tenant occupies under the vendee as under the vendor, it does not operate as notice.—*King v. Paulk,* 85 Ala. 186, 4 South. 825; *Griffin et al. v. Hall & Farley,* 115

[McCullars v. Reaves.]

Ala. 647, 22 South. 156; Id., 129 Ala. 289, 29 South. 783; *Munn v. Achey,* 110 Ala. 628, 631, 18 South. 299.

The evidence does not show whether or not the same tenants had occupied the land under the husband before his sale to his wife; but, however, that may be, it is the opinion of the writer, and of Justices ANDERSON and McCLELLAN, that, even if the wife herself had been seen in possession of the land, her possession would have been referred to the title of the husband, as they occupy the lands of both together, and it would not have been such an open, visible, and notorious change of possession as to operate as notice, and the mere fact that the tenants in possession of the land rented from her and accounted to her for the rents is not sufficient to charge a purchaser with notice. The opportunities for collusion and fraud between husband and wife are so apparent that it is important to insist upon the visible change of possession in such cases.

The majority of the court, however, hold that the facts set out in the evidence were sufficient to put the plaintiff on inquiry, and that consequently he was affected by notice of the conveyance to the defendant. The judgment of the court is affirmed.

Affirmed.,

DOWDELL, C. J., and DENSON, MAYFIELD, and SAYRE, JJ,. concur. SIMPSON, ANDERSON, and McCLELLAN, JJ., dissent.