# Guin v. Guin, *et al.*

### Bill to Enforce Trust.

#### (Decided May 18, 1916.  72 South. 74.)

1. **Trusts; Resulting; Time of Purchase.**—Where one person furnishes money for the purchase of land, and the title is erroneously or wrongfully taken in the name of another, the money must have been paid before or at the time of the purchase, to establish a resulting trust; "time of purchase" meaning the time of acquisition of title, legal or equitable.

2. **Same; Rights of Creditors or Purchasers; Statutes.**—Under § 3413, Code 1907, no such trust, whether implied by law, or created or declared by the parties can defeat the title of creditors or purchasers for a valuable consideration without notice, if the creditor be a creditor with a lien.

3. **Same; Resulting; Establishment Against Mortgagee; Notice; Burden.** —Where the bill is by the wife to enforce a resulting trust in land standing in the name of her husband, and is filed against the transferee of the mortgagee of the husband, the burden was on complainant to show that such mortgagee had prior notice of complainant's equitable claim, such mortgagee being a purchaser for value.

4. **Witnesses; Competency; Transaction with Deceased Agent.**—Where the bill was by the wife to establish a resulting trust in land standing in the name of the husband, and was filed against a transferee of a mortgagee of the husband, testimony of the husband that while negotiating with the mortgagee he informed the husband of the mortgagee, who was her agent in the matter, that the land in question belonged to the wife of the mortgagor, was not admissible where the husband of the mortgagor was dead. (§ 4007, Code 1907.)

APPEAL from Lamar Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Eliza B. Guin against G. L. Guin, her husband, and others.  From a decree for respondents, complainant appeals. Affirmed.

The bill alleges that Mrs. Eliza Guin gave $85 to her husband with instructions to use it, as previously proposed by him, in the purchase of a tract of land, the deed to be made to Mrs. Guin. Her husband paid for the land with the money, but took the deed (dated November 25, 1907) to himself, which condition of the title remained unknown to the wife for several years.  The bill seeks to establish a resulting trust in complainant, and to enjoin the respondent J. W. Dorroh from enforcing a mortgage on this land, which was executed jointly by the husband and wife (July

24, 1908) to secure a debt of the husband, and transferred for value after maturity by the mortgagee (July 1, 1910) to said Dorroh; and, further, to enjoin the collection by said Dorroh of a judgment in tort recovered by him against the husband (August 29, 1912) upon which execution was issued and delivered to the sheriff in March, 1914.   This judgment was also recorded under the statute on September 1, 1913.   It appears that respondent Dorroh was without notice of complainant's alleged equity in the land until July 1, 1914, just before he bought the mortgage. It further appears from the testimony of complainant's husband that he informed the husband of Mrs. Hodge—the original mortgagee—who was acting as her agent in negotiating the loan, that the land belonged to Mrs. Guin, but that she would sign the mortgage with him.   It also appears that complainant's husband verbally contracted for the purchase of this land from the owner in 1906, and took possession and made valuable improvements, but paid no part of the purchase money prior to November 25, 1907, since which time it has been their common homestead.  The testimony of complainant and her husband shows that he received her money as alleged in the bill, and paid it to the grantor before and as a consideration for the execution of the deed, which he procured and made to himself in violation of his agreement and her instruction.   Other than J. W. Dorroh, G. L. Guin, the husband, was made party respondent, and confessed the bill. Dorroh answered, denying the facts alleged in support of complainant's equity, and claims the right to enforce the mortgage, as purchaser, denying notice of the said equity to the mortgagee or her husband; also claims the right to enforce the judgment as a judgment lienholder without notice by a cross-bill.   He prays that the land be sold by the decree of the court for the satisfaction of the mortgage and the judgment.

KELLY & YOUNG, for appellant.  WALTER NESMITH, for appellee.

SOMERVILLE, J.— (1) To establish a simple resulting trust —as where one person furnishes the money for the purchase of land, and the title is erroneously or wrongfully taken in the name of another—it is well settled that the money must have been paid before or at the time of the purchase.—*Tilford v. Torrey*, 53 Ala. 120; *Preston v. McMillan*, 58 Ala. 84; *Lehman v. Lewis*, 62 Ala.

[Guin v. Guin, et al.]

129; *Long v. King,* 117 Ala. 423, 23 South. 534; *Haney v. Legg,* 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81.

The "time of the purchase," however, within the operation of this rule, can only mean the time of the acquisition of the title, whether legal or equitable. Any other application of the rule would make of it a senseless technicality, and the language of the authorities does not so require.

In the present case, complainant paid the money before the purchase by her husband, for up to the time he receives the deed there had been no purchase, but ony a verbal agreement, abortive . in operation, and void in law.

A trust therefore resulted in favor of complainant when the real and only purchase was made on November 25, 1907; the evidence on this point being full, clear, and convincing.—*Carter v. Challen,* 83 Ala. 135, 3 South. 313.

(2) But "no such trusts, whether implied by law, or created or declared by the parties, can defeat the title of creditors, or purchasers for a valuable consideration, without notice."—Code, § 3413. This statute has always been construed as protecting only creditors with a lien.—*Preston v. McMillan,* 58 Ala. 84.

Whether by recording his judgment in September, 1913, or by placing an execution thereon in the hands of the sheriff in March, 1914, respondent Dorroh acquired a judgment lien prior to any notice to him of complainant's equity, and that equity cannot be asserted to defeat his judgment.—*Preston v. McMillan,* 58 Ala. 84, 94; *Carter v. Challen,* 83 Ala. 135, 30 South. 313; *Marshall v. Lister,* 195 Ala. 591, 71 South. 411.

(3) With respect to the mortgage in question, Dorroh's rights are of course no better than those of his transferror, Mrs. Hodge, and the decisive question is whether Mrs. Hodge herself had prior notice of complainant's equitable claim. She being a purchaser for value, the burden was on complainant to show by satisfactory evidence that she had such notice. The only testimony offered for this purpose was that of G. L. Guin, viz., that, while negotiating for the loan, he informed Mrs. Hodge's husband—who was her agent in the matter—that the land in question belonged to his (Guin's) wife. This testimony was duly objected to by the respondent Dorroh.

(4) Our statute (Code, § 4007), making parties and interested persons competent witnesses in civil cases, expressly excepts from admissibility their testimony as to transactions with

[O'Connell v. O'Connell, et al.]

or statements by deceased persons whose estates are interested in the result of the suit, "or when such deceased person, at the time of such transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto" by such opposite party.

This statute has been liberally construed as incluling in the class of incompetent witnesses, and also in the class of protected adversaries, those who are within the spirit and policy of the statute, though not strictly within its terms.—*White v. Thompson*, 123 Ala. 610, 26 South. 648; *Louis v. Easton*, 50 Ala. 470; *Boykin v. Smith*, 65 Ala. 294; *Hodges v. Denny*, 86 Ala. 228, 5 South. 492; *Moore v. Walker*, 124 Ala. 199, 26 South. 984.

So, this witness being clearly incompetent to so testify as against Mrs. Hodge, the original mortgagee, he must be held equally incompetent as against her transferee and successor in interest, Dorroh.

It results that, on the legal and undisputed evidence before the chancellor, he properly dismissed the original bill, and granted relief to the respondent, Dorroh, under his cross-bill.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.