### CENTRAL IRON & COAL CO. v. HAMACHER.

(Circuit Court of Appeals, Fifth Circuit. January 14, 1918. Rehearing Denied March 11, 1918.)

#### No. 3151.

1. WITNESSES ⬡159(2)—COMPETENCY—TRANSACTIONS WITH PERSONS SINCE DECEASED.

Code Ala. 1907, § 4007, declares that there shall be no exclusion of any witness because he is a party or interested in the issue tried, except that no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with or statement by a deceased person whose estate is interested in the result of the suit or proceeding. In an action by the administratrix to recover under the Alabama Employers' Liability Act (Code 1907, § 3910), damages for the death of her intestate, a servant of the defendant company, the superintendent, whom it was claimed was negligent in directing him to work in a bin or washer in which was stored a large amount of coal, was called as a witness, and, though not allowed to testify as to his instructions to plaintiff's intestate, was allowed to testify as to the facts surrounding the latter's entrance in the bin. Held that, as the purpose of the act was to remove the common-law disqualifications against testimony by parties and those interested, and the safeguard was for the estate of deceased persons,

defendant's superintendent was competent to testify as to his orders as well as the surrounding circumstances; it not being contemplated that the statute would be invoked to protect a master from liability for fatal injuries to a servant resulting from the negligence of its own superintendent, by rendering the superintendent incompetent to testify as to his orders, this being particularly true as the recovery under the Alabama Employers' Liability Act does not go into the estate of the deceased servant.

2. WITNESSES ⬥⮞128.—COMPETENCY—TRANSACTIONS WITH PERSONS SINCE DECEASED.

The mere fact that the Alabama Employers' Liability Act gives the administrator of a deceased servant the right to sue for damages for death does not render the Code applicable, for the administrator sues for the benefit of those declared by the act entitled to the recovery, and the recovery becomes no part of the deceased's estate subject to the claims of his creditors.

3. WITNESSES ⬥⮞128—COMPETENCY—TRANSACTIONS WITH PERSONS SINCE DECEASED.

As the recovery does not inure to the benefit of the estate of the deceased servant, the estate cannot be deemed liable for the costs of the proceedings, so as to render the action one affecting the estate of a deceased person, within Code Ala. 1907, § 4007; this being so, even though the administrator, on becoming a nonresident, might under appropriate statutes be required to give bond for costs for that reason.

4. COURTS ⬥⮞376—FEDERAL COURTS—EVIDENCE.

Under Rev. St. § 858 (Comp. St. 1916, § 1464), declaring that the competency of a witness to testify in a civil action in the federal court shall be determined by the laws of the state where the court is held, the federal courts should follow the decisions of the highest state court, interpreting such local statute as to competency of witnesses.

5. COURTS ⬥⮞349—PRECEDENCE—PRESUMPTION.

In the absence of direct decisions by the state courts as to the competency of witnesses, it will not be presumed, in an action in the federal court, that such state court's rule of decision is in conflict with the unambiguous terms of the statute.

6. APPEAL AND ERROR ⬥⮞1053(1)—REVIEW—HARMLESS ERROR.

In an action for the death of a servant, where the master's superintendent was competent to testify, not only as to his orders to the deceased servant, but the circumstances surrounding the fatal accident, the withdrawal of testimony by the superintendent as to orders was harmless as to the defendant master; the error being one which the plaintiff alone could complain of, because leaving the question of the orders of the superintendent to inference.

In Error to the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

Action by Mrs. Sarah J. Hamacher, administratrix, against the Central Iron & Coal Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Henry A. Jones, of Tuscaloosa, Ala. (De Vane K. Jones, of Tuscaloosa, Ala., on the brief), for plaintiff in error.

George P. Bondurant, of Birmingham, Ala., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

BATTS, Circuit Judge. Suit under the terms of the Alabama Employers' Liability Act was instituted by Mrs. Sarah J. Hamacher, as

administratrix of the estate of W. F. Hamacher, against the Central Iron & Coal Company, for the death of W. F. Hamacher. The petition was in six counts, all but one of which, count 4, were eliminated by the rulings of the trial court. The count upon which the trial was had was to the effect that the defendant was engaged in operating a coal mine, and plaintiff's intestate was in the service of defendant; that in the discharge of his duties he was in a bin or washer, in which was stored a large amount of coal, when the coal rolled down upon him, smothering and so badly bruising him that he died as a result of the injuries, and that the death was proximately caused by the negligence of some person in the service or employment of defendant, whose name was to plaintiff unknown, who had superintendence intrusted to him, and who, while in the exercise of superintendence, negligently ordered plaintiff's intestate to work in the bin. The person who exercised superintendency over the employé, W. F. Hamacher, who was killed, was his brother, Ed. Hamacher. The issues submitted by the trial court to the jury were whether, in the exercise of this superintendence, he gave a negligent order, which had the effect of putting the deceased to work at the bottom of the bin, and whether this was an unreasonably dangerous place for him to work, and whether the deceased was guilty of contributory negligence in working under the circumstances at the place at which he was killed.

[1] One of the principal controversies that arises in the case is whether the trial judge should have permitted the testimony of Ed. Hamacher, the brother of the deceased. This involves the construction of section 4007 of the Alabama Code of 1907, which is to the effect that:

"In civil suits and proceedings, there must be no exclusion of any witness because he is a party, or interested in the issue tried, except that no person having a pecuniary interest in the result of the suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding, or when such deceased person, at the time of such transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced, unless called to testify thereto by the party to whom such interest is opposed, or unless the testimony of such deceased person in relation to such transaction or statement is introduced in evidence by the party whose interest is opposed to that of the witness, or has been taken and is on file in the cause.

Section 858 of the Revised Statutes of the United States (Comp. St. 1916, § 1464) provides that the competency of a witness to testify in a civil action in United States courts shall be determined by the laws of the state in which the court is held.

The trial judge, in passing upon the questions presented by the statute with reference to the exclusion of testimony, held that Ed. Hamacher, the superintendent, was incompetent to testify with reference to instructions given by him to deceased, but that he was competent to testify to the fact that he was present at the time W. F. Hamacher entered the bin, and as to the conditions existing at the time. Under charge of the court the jury were authorized, from this testimony and other evidence introduced in the case, to infer the fact, essential to

the cause of action of plaintiff, that the deceased had been instructed by Ed. Hamacher, the superintendent, to go to work at the dangerous place in the bin at which he was killed. It is insisted by the plaintiff in error, who cites Alabama authorities to sustain its position, that it is just as objectionable for the interested witness to testify to facts from which the transaction between him and the deceased could be inferred as to testify directly to the transaction. It may be that this position is sustained by the authorities. We are inclined, however, to believe that Ed. Hamacher was competent as a witness to detail all that occurred between himself and his deceased brother at the time of the accident.

The purpose of section 4007 is perfectly apparent. In the first place, it was intended to repeal the general inhibition against persons testifying who were interested in the issue to be tried. It then made an exception of testimony with reference to transactions between a person deceased and a person whose testimony was intended to be used in cases defined in the statute. It was conceived to be improper, when the mouth of one of the persons was closed by death, to permit the other party to a transaction to make statements in regard to it which could not be controverted. Its sole purpose was the protection of the estate of the deceased. To so construe the statute as to add to the impossibility of securing the testimony of the deceased an inhibition against receiving the testimony of another by whom his rights could be established would not be to conserve the purposes of the law, but would add to the disability which death imposed a new obstacle to the preservation of rights which had inured to or come from the deceased. The theory of the law was that, being dead and unable to speak, he was to be protected from the testimony of one whose statement could not be denied. The theory upon which the testimony in this case is excluded is that the defendant (and not the deceased) is to be protected by death from the testimony of one witness, and by the statute made for the protection of the estate of the deceased from the testimony of the only other person familiar with the facts. If W. F. Hamacher had been injured, but not injured so severely that death had ensued, he would have been permitted to testify with reference to the circumstances, and he could have compelled his brother, the superintendent, who was responsible for his injury, to have also testified with regard to the facts. It could not have been the purpose of the law, merely because the injuries were so serious as to produce death, to not only take advantage of the disability which death imposed, but to give to the company responsible for the damages immunity, by excluding evidence of the other person who knew about the facts. The section quoted inevitably carries with it the idea that the inhibition with reference to testimony is intended to be applied when it was claimed that the transaction involved imposed some obligation upon the deceased while living, and affected the estate after his death. It appears that there are some Alabama cases to the effect that this testimony is to be excluded, whether its effect is to decrease or enlarge the estate; but it is safe to assume that in every case in which such a ruling has been properly made some contract or other act of the deceased created or

affected some legal obligation of his effective before his death. It is to be borne in mind always that the policy of the law, as declared by this section, is not to exclude ordinarily the testimony of the witness simply because of his interest; but it is to exclude it only when such exclusion is essential to the preservation of rights which were, prior to the death, in the person whose mouth is closed by death.

Under the very terms of the statute, the exception is confined to inhibiting the testimony where the transaction is with "the deceased person whose estate is interested in the result of the suit." The estate of W. F. Hamacher is not interested in this suit. Whatever property rights exist as the result of the injury causing the immediate death of W. F. Hamacher, they were never at any time in W. F. Hamacher, and did not descend to any legal representative of him. Whatever right of recovery may exist against the defendant is a right that did not arise until after his death. It could not have been a part of his estate, because it did not exist at any time during his life. The Employers' Liability Act names classes of persons who could, under the contingencies named in the law, recover for his death. The concurrence of the law and of the fact of his death, under the circumstances mentioned in the statute, create rights in the persons named by the statute; but the deceased was not and could not be one of those persons. The recovery is not even for the benefit of creditors of the deceased. By the express terms of the statute, they are excluded.

[2] An argument is based on the fact that the statute requires the suit to be brought by the administrator of the estate of deceased. The efficient administration of the law required that some one of a class should be named to discharge this duty, as it could not be determined before a trial whether any particular individual was entitled to the damages provided for by the statute. The mere choice by the law of the administrator of an estate does not make the recovery a part of the estate. White v. Ward, 157 Ala. 345, 47 South. 166, 18 L. R. A. (N. S.) 568; Holt v. Stollenwerck, 174 Ala. 213, 56 South. 912.

[3] It is insisted that the estate is interested, upon the ground that it is responsible for the costs of the suit authorized to be instituted by the administrator. This proposition is based on the case of Ex parte Louisville & Nashville R. R. Co., 124 Ala. 547, 27 South. 239. In this case it was held that the administrator, who had moved from the state of Alabama, and who instituted a suit under section 1749 of the Code of 1896, might be compelled to give a bond for the costs of the suit. The ruling was based on the unequivocal language of section 1350 of the Code, and is, in no sense, a ruling to the effect that the estate is responsible for the costs. If the statute had undertaken to provide that the costs in a case under the Employers' Liability Act should be paid out of the estate, a serious doubt would arise as to whether it would be effective to that end. The recovery does not become available for the debts of the estate, and creditors could very well question the validity of a statute which took from them a fund, out of which they were entitled to be paid, to discharge costs of a suit in which they were denied an interest.

[4, 5] It is claimed that the conclusion reached as to the admissibility of the testimony of Ed. Hamacher is directly in conflict with

Cobb v. Owen, 150 Ala. 410, 43 South. 826; Guin v. Guin, 196 Ala. 221, 72 South. 74, and Buye v. Alabama, etc., Co. (Ala.) 75 South. 9. Neither of these cases discusses the proposition we have considered. If they are in conflict, it is a fact to be inferred from the assumption that the judgments could not have been rendered if the court had followed the view of the law herein expressed. We are under obligation to follow, as to the matter of competency of witnesses in civil cases, the law of the state; and the statements by the highest courts of the state as to what that law is will, of course, be followed. We will not, however, in the absence of such statements, make a ruling in direct conflict with the unambiguous terms of the statute of the state. An opinion is cited (White v. Thompson, 123 Ala. 610, 26 South. 648) wherein the court says:

"That our own adjudications extend the rule to cases within its purview and spirit, though not strictly within its terms."

The extremest possible application of this doctrine could not properly extend the inhibition of the exception in the law to the present case. Always in the application of the statute it should be remembered that its purpose is to liberalize the common law, to permit testimony by interested witnesses. The exceptions were for the protection of the estate of the decedent. The contention of defendant would require that the language of the statute be changed, and that its purpose be defeated.

[6] The court erred in withdrawing the testimony of Ed. Hamacher as to what passed between him and the deceased; it follows that there was no error in admitting that part of his testimony which the court permitted to remain before the jury. Nor can the defendant complain of the admission of Ed. Hamacher's testimony and the subsequent withdrawal of a part. The error was in the withdrawal, and not the admission of the evidence. It jeoparded the plaintiff, but did not injure the defendant.

The judgment is affirmed.