(89 South. 196)

## JERNIGAN v. GIBBS. (4 Div. 908.)

(Supreme Court of Alabama. April 21, 1921. Rehearing Denied May 19, 1921.)

1. **Partition** ⬤⟲77(4)—Pleading ⬤⟲8(2)—Allegation that land cannot be equitably divided sufficient, and not conclusion.

In a suit in equity for the sale of lands for partition, an allegation in the language of the statute that the land cannot be equitably divided without sale thereof sufficiently shows a necessity for the sale, and is not a mere conclusion.

2. **Witnesses** ⬤⟲148—Living party to transaction not competent, in favor of those claiming under him, against deceased party, his principal, or those in privity.

Under Code 1907, § 4007, excluding parties and interested persons from testifying as to any transaction with or statement by a deceased person, whose estate is interested, or who at the time acted in a representative or fiduciary relation to a party, the living party to the transaction is not a competent witness, in favor of those who claim under him, as against either · the deceased person, the deceased agent's principal, or those who claim in privity with such persons by descent or purchase.

3. **Witnesses** ⬤⟲159(13)—Mortgagor not competent witness to payment to mortgagee's deceased agent.

Under Code 1907, § 4007, a mortgagor is not a competent witness in favor of his wife, to whom he conveyed the land, concerning payments on the mortgage debt to the mortgagee's deceased agent, in any controversy over the title, either against the mortgagee or against her successor in estate by purchase at foreclosure sale.

### On Rehearing.

4. **Witnesses** ⬤⟲143(2)—Mortgagor, making payments to mortgagee's deceased agent, incompetent, though he had parted with interest in land.

Under Code 1907, § 4007, a mortgagor is not a competent witness in favor of his grantee with respect to alleged payments on the mortgage debt to the mortgagee's deceased agent, though the payments occurred long after he had conveyed his interest in the land, as he still remained liable for the mortgage debt, and in making the payments was acting for himself.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by C. Gibbs against Della Jernigan for partition in kind or for sale for division. Decree for complainant, and respondent appeals. Affirmed.

The bill alleges a joint ownership, or tenancy in common, between complainant and respondent, and alleges in the alternative either that the lands can be partitioned in equity or that they are incapable of equitable partition, and so ought to be sold for division. The demurrers set up that the allegations are merely conclusions of the pleader, and set out no facts showing that the lands cannot be equitably divided and that there is no equity in the bill. In answer to the bill respondent denies that complainant has any title, since the mortgage under which he claims under foreclosure was fully paid off and satisfied at the time of the foreclosure, and that he purchased the land on September 2, 1911, from Joe Jernigan, who had previously mortgaged the land to Alice Roberts, under whose mortgage complainant claims. It seems from the record that one Harper was the agent of Gibbs, who is now dead, and an effort was made to show by the witness Joe Jernigan that he made certain payments to Harper, as the agent of Gibbs, which were to be directed to the satisfaction of the mortgage executed by Jernigan to Miss Alice Roberts, now Mrs. Gibbs. The court sustained objection.

J. A. Carnley, of Elba, and J. J. Mayfield and Henry C. Meader, both of Montgomery, for appellant.

The bill was subject to the demurrers. 89 Ala. 455, 8 South. 40; 93 Ala. 85, 9 South. 524. Jernigan had transferred and sold all his right, title, and interest in the subject-matter prior to the transaction that he sought to testify about, and was therefore a competent witness as to a transaction with the deceased agent of the complainant. 127 Ala. 137, 28 South. 679; 163 Ala. 376, 50 South. 937; 174 Ala. 521, 56 South. 571; 174 Ala. 322, 56 South. 965. As applicable also to this particular case, see 50 Ala. 470; 58 Ala. 463; 65 Ala. 294; 88 Ala. 493, 7 South. 296; 110 Ala. 418, 18 South. 13; 195 Ala. 508, 70 South. 169.

W. W. Sanders, of Elba, for appellee.

The allegations of the bill were sufficient. 180 Ala. 102, 60 South. 391; 189 Ala. 149, 60 South. 79; 185 Ala. 50, 64 South. 67.

Jernigan was not competent to testify to the transaction of the deceased agent. Section 4007, Code 1907; 65 Ala. 229; 195 Ala. 588, 71 South. 114; 196 Ala. 221, 72 South. 74; 199 Ala. 589, 75 South. 9; 124 Ala. 199, 26 South. 984; 123 Ala. 610, 26 South. 648; 168 Ala. 469, 53 South. 228; 191 Ala. 146, 67 South. 994; 78 South. 381.

──────────
⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SOMERVILLE, J. [1] A bill in equity for the sale of lands for partition sufficiently shows a necessity for the sale when, following the language of the statute, it alleges that the lands in question cannot be equitably divided without a sale thereof. Such an allegation is not subject to demurrer on the ground that it is a mere conclusion, and not the statement of a fact. Smith v. Witcher, 180 Ala. 102, 60 South. 391, citing McEvoy v. Leonard, 89 Ala. 455, 8 South. 40; Wheat v. Wheat, 190 Ala. 461, 67 South. 417; Carson v. Sleigh, 201 Ala. 373, 78 South. 229. The case of Keaton v. Terry, 93 Ala. 85, 9 South. 524, is not in conflict with our recent decisions, for the reason that the allegation there criticized was that the lands could not be "fairly and equally" partitioned. The demurrer to the bill was properly overruled.

[2] In the construction of section 4007 of the Code, which excludes parties and interested persons from testifying as to "any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding, or when such deceased person, at the time of such transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced," this court has always applied the rule of exclusion to cases coming within its spirit and policy, though outside of its letter, if strictly interpreted. The basic principle, as stated by Brickell, C. J., in Boykin v. Smith, 65 Ala. 294, 299, is that, "if death has sealed the lips of one party, the law intends, as to this species of evidence, to seal the lips of the living," and in that case it was held that "A conveyance with or without warranty, or a transfer of the subject-matter of the suit to another, cannot enable the living party to testify."

The clear effect of our decisions is that as to all such testimony the living party to the original transaction is not a competent witness in favor of those who claim under him as against either the deceased party, or the deceased agent's principal, or against those who claim in privity with such persons, whether by descent or purchase. Louis' Adm'r v. Easton, 50 Ala. 470; Key v. Jones, 52 Ala. 238, 247; Boykin v. Smith, 65 Ala. 294; Hodges v. Denny, 86 Ala. 226, 228, 5 South. 492; Barnes v. White, 195 Ala. 588, 71 South. 114; Guin v. Guin, 196 Ala. 221, 72 South. 74.

[3] In view of this settled construction of the statute, we are constrained to hold that Jernigan, the mortgagor and husband of this defendant, who claims by deed from him, was not a competent witness to show payments of money on the mortgage debt made to Harper, the deceased agent of Mrs. Gibbs, the mortgagee, in any controversy over the title, either against Mrs. Gibbs herself, or against this complainant, who is her successor in estate by purchase. Guin v. Guin, supra. That testimony having been properly excluded by the trial court, the evidence in the case justified and required the decree rendered by the court.

Counsel for appellant cite cases which lay down the general requirements of interest on the part of the witness, and also of the estate of a deceased person; but those cases did not involve, and hence their general statements are not applicable to, those cases involving privity in interest or estate, to which the protection of the statute has been uniformly extended by judicial construction.

The record does not show error, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

## On Rehearing.

SOMERVILLE, J. [4] Counsel for appellant conceive that the principle of exclusion which we have applied to the testimony of her husband, with respect to his alleged payment of the mortgage debt, is misapplied, for the reason that that alleged transaction with Mrs. Gibbs' now deceased agent occurred long after appellant's husband had conveyed his interest in the land to her. Appellant's contention is, in short, that by that conveyance of the land her husband freed himself from the testimonial disqualification of an interested party as to any subsequent transactions or statements, which would otherwise have fallen under the ban of the statute. Code, § 4007.

This contention would be sound enough, if his interest in the land had been the only interest affecting his testimonial capacity; but it overlooks the fact that the husband remained liable for the mortgage debt, as to which he was the sole obligor, and in the payment of which he was acting for himself. He therefore comes within the rule of disqualification laid down by the decisions; and, since he would be disqualified to testify to the transaction in question if he were a present party, he is equally disqualified to testify in favor of one who holds, in privity with himself, the subject-matter affected by that transaction.

For this reason, we adhere to our ruling, and the application for rehearing must be overruled.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.