140 So. 431
## ABBEVILLE STATE BANK v. WILEY FERTILIZER CO.

4 Div. 561.

Supreme Court of Alabama.

March 17, 1932.

W. L. Lee, of Dothan, and W. O. Long, of Abbeville, for appellant.

R. W. Miller, of Abbeville, and O. S. Lewis, of Dothan, for appellee.

**ANDERSON, C. J.**

There is no question as to the seniority of the appellee's mortgage, but the appellant contends that, as to the cotton grown on the Dunn place, McLendon, the mortgagor, had not rented the same when executing the mortgage to the appellee, but had done so when executing the mortgage to appellant.

McLendon had rented the place for 1926 and previous years and remained in possession the beginning of the year 1927, intending to remain on the place, and the law fixed the relation and rental contract the same as the one for the previous year unless the parties by agreement changed the terms. At any rate, McLendon was a tenant in possession of the Dunn land when he made the mortgage to the appellee. Therefore the trial court did not err in excluding the appellant's mortgage; and, as the undisputed facts established this relationship, the action of the trial court in permitting appellee to show that McLendon remained in possession several years subsequent to 1927, if error, was without injury.

Whether the appellee laid a sufficient predicate for the introduction of the Crawford Warehouse book matters not, as the fact was shown by undisputed evidence that the cotton in question was stored in said warehouse, that it was turned out upon the authority of the appellant, was sold by it, and that the said bank received the proceeds of the sale. And these facts were established independently of the books of the warehouse. McLendon wrote the appellee in October, 1927: "I have 21 bales in the Crawford warehouse in Abbeville."

The witness Couric testified he paid the appellant for the McLendon cotton, nineteen bales, and there was no error in permitting him to state that he did it by draft. This was not a case that called for the production of the draft, but with this eliminated the unobjected to evidence stands and shows that the appellant was paid for the cotton.

There was no error in not permitting the mortgagor, McLendon, to testify to payments made by him to the plaintiff's deceased agent, Boatner. The rule of exclusion applies to a party who is interested or under whom the interested party holds as to transaction with the deceased or a deceased agent. Jernigan v. Gibbs, 206 Ala. 93, 89 So. 196; Guin v. Guin, 196 Ala. 221, 72 So. 74. While McLendon was not a party to the cause, he was the mortgagor and is regarded as an interested party.

The judgment of the circuit court is affirmed.

Affirmed.

BROWN, FOSTER, and KNIGHT, JJ., concur.